## Stephenson's Administratrix v. Sharp's Executors, et al.

(Decided November 25, 1927.)

### Appeal from Fayette Circuit Court.

1. Railroads.—In action against railroad for death of automobile passenger at crossing at which train whistled and railroad had in operation wigwag and electric bell, evidence of railroad's negligence in failing to use means of warning deceased and driver held insufficient to make issue for jury.
2. Negligence.—If there is any evidence supporting defendant's plea of contributory negligence, it is duty of trial court to submit question to jury.
3. Negligence.—Negligence will not be presumed but it may be inferred from proven facts.
4. Negligence.—Duty is imposed by law upon guest in automobile to exercise ordinary care for his own safety.
5. Negligence.—Determination of what constitutes ordinary care on part of invited guest in automobile depends upon facts and circumstances in each case.
6. Negligence.—While ordinary care on part of invited guest in automobile necessarliy depends on facts and circumstances of each case, he cannot ignore obvious dangers, and when his means of observing such dangers are the same as or better than those possessed by the driver, and he fails to observe them or, observing them, fails to warn the driver, he is guilty of contributory negligence.
7. Negligence.—In action against estate of driver for death of guest in automobile killed at crossing, it will not be presumed, on issue of deceased guest's contributory negligence, that he warned driver as to peril and that driver nevertheless deliberately drove in front of approaching train.

8. Negligence.—It is presumed that person will not do anything, which will directly imperil his life or that of his associates, with whom he is on good terms.

9. Negligence.—Guest in automobile approaching crossing, who was acquainted with crossing and its surroundings and knew car was approaching at high rate of speed, was required, in exercise of ordinary care, to use his senses of sight and hearing to ascertain whether it was safe for automobile to cross track, and failure to ascertain danger or warn driver thereof was contributory negligence precluding recovery against estate of driver.

10. Negligence.—In action against estate of driver of automobile by administratrix of guest for guest's death in crossing accident, issue of contributory negligence of guest in failing to ascertain danger of crossing track at high rate of speed or to warn driver thereof, held to make issue for jury.

11. Appeal and Error.—Appellate court must assume that jury was composed of sensible and reasonable men.

FRANKLIN, TALBOTT & CHAPMAN and W. E. DARRAGH for appellant.

JAMES G. DENNY and WALLACE MUIR for appellees, executors.

HUNT, NORTHCUTT & BUSH, WOODWARD, WARFIELD & HOBSON, C. S. LANDRUM and ASHBY M. WARREN for appellee, Louisville & Nashville Railroad Company.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On the morning of February 22, 1926, an automobile owned and driven by Llewellyn Sharp was struck by a train of the appellee Louisville & Nashville Railroad Company at a grade crossing on a public road known as the Russell Cave pike about a mile north of the city limits of Lexington. At the time of the accident Edwin A. Stephenson, a young man 22 years of age, was riding in the automobile as Sharp's guest. Both Sharp and Stephenson were killed instantly.

Stephenson's administratrix brought this action in the Fayette circuit court against the appellees Louisville & Nashville Railroad Company and the executors of Llewellyn Sharp seeking to recover damages for Stephenson's death.

The trial court sustained a motion for a directed verdict as to the Louisville & Nashville Railroad Company, and, the case having been submitted as to Sharp's executors, the jury returned a verdict in their favor.

Appellant urges as grounds for reversal that the court erred in peremptorily instructing the jury to find

for the Louisville & Nashville Railroad Company and as
to the appellees, executors of Llewellyn Sharp, that the
court erred in submitting to the jury the question of con-
tributory negligence and in refusing to peremptorily in-
struct the jury to find for the plaintiff.

Stephenson and Sharp left Lexington in the latter's
automobile going north on Broadway toward the Russell
Cave pike.   The witness Irwin N. Lee, while walking
south on Broadway between Third and Fourth streets,
had his attention attracted to the automobile by reason
of the speed at which it was traveling.   He recognized
Sharp and saw another man sitting by his side on the
front seat.   He testified that as the car passed him it
was running at about 40 miles per hour and that the man
sitting on the front seat by the side of Sharp was half
turned toward Sharp with his arm on the back of the seat.
The automobile was next seen by the witness Leroy Tur-
ner at a point about 600 feet from the railroad crossing.
Turner was walking in the same direction the car was
going, and when it passed him it was traveling from 35
to 45 miles per hour.   He saw Stephenson sitting by the
side of Sharp, and at the time they passed him both of
them were looking straight ahead.   He was approaching
the crossing and could see the wigwag, which was located
at the crossing.   The wigwag was then operating.
About 150 or 200 feet beyond Turner and about 400 or
450 feet from the crossing the witness Leon W. Taylor
met Stephenson and Sharp.   Taylor was in an auto-
mobile and was going toward Lexington and had just
passed over the crossing in front of the train.   He testi-
fied that the automobile in which Sharp and Stephenson
were riding passed him at a speed of 35 or 45 miles per
hour, and, knowing the train was rapidly approaching
the crossing, he stopped his car and looked to see if
Sharp's car was going to avoid colliding with the train.
He did not observe any change in the speed of the auto-
mobile from the time it passed him until the collision, but
he saw it swerve to the left just before it was struck by
the train. . He testified that when he passed over the rail-
road crossing the wigwag was operating.   When the
automobile passed him Stephenson was turned sideways
looking toward Sharp as though engaged in conversation
with him.   Both the eyewitnesses to the accident and
others, including members of the train crew, testified
that the train whistled for the crossing.   The train was

going from the direction of Paris, which was to the right of Sharp's automobile and on the side on which Stephenson was sitting.

The ground urged for reversal as to the appellee Louisville & Nashville Railroad Company requires but little discussion. The evidence conclusively shows the train whistled for the crossing, the wigwag was operating, and an electric bell located at the crossing was ringing. There is a total absence of the usual negative testimony as to signals. It is said, however, that the trial court should have submitted the case to the jury on an issue as to whether or not the railroad company should have provided other means at the crossing for warning the traveling public than the wigwag signal. There is no evidence tending to show the crossing was an unusually dangerous one. A train approaching the crossing, as did the train in question, could be seen for a distance of several hundred feet by travelers on the highway. Under such circumstances it should not be left to the jury to determine whether other and additional means of warning should be employed. Payne, Agent v. Barnette's Administrator, 196 Ky. 489, 244 S. W. 896; Louisville & Nashville Railroad Co. v. Jameson's Administratrix, 214 Ky. 552, 283 S. W. 1026. The trial court did not err in giving a peremptory instruction in favor of the railroad company, and the judgment as to it is affirmed.

It is earnestly insisted by appellant that there was no evidence to support an instruction upon contributory negligence. If there was any evidence supporting the plea of contributory negligence, it was the duty of the trial court to submit the question to the jury. Negligence will not be presumed, but it may be inferred from proven facts. John R. Coppin Co. v. Richards, 191 Ky. 720, 231 S. W. 229; Southern Railway Co. v. Caplinger's Administrator, 151 Ky. 749, 152 S. W. 947, 49 L. R. A. (N. S.) 660. The automobile in which Sharp and Stephenson were riding was traveling at a high rate of speed when it approached the crossing, and when 400 or 450 feet away both Sharp and Stephenson were apparently oblivious of the approach of the train. The speed of the automobile was never slackened, and it was driven directly in front of the onrushing train, although the automatically operated wigwag located at the crossing was swinging back and forth in plain view of the oc-

cupants of the automobile, an electric bell was ringing, and the train whistling. The train was also in view approaching from the right.

Stephenson was familiar with the railroad crossing and had the same opportunity as Sharp of seeing and hearing the signals, and, due to his position in the car to the right of Sharp, had a better opportunity to see and hear the approaching train. The duty imposed by law upon Stephenson as a guest in the automobile was the exercise of ordinary care for his own safety. What constitutes such ordinary care on the part of an invited guest in an automobile necessarily depends upon the facts and circumstances of each case. He cannot ignore obvious dangers or intrust his safety absolutely to the driver when the same knowledge or means of knowledge of obvious or threatened dangers is possessed by both. He cannot idly sit by, close his eyes and ears to such dangers, and, in the event of an accident, hold his host liable in damages. He must use ordinary care for his own safety, and when his means of observing obvious dangers are the same as or better than those possessed by the driver and he fails to observe them, or, observing them, fails to warn the driver, he is guilty of contributory negligence. Bohmer's Administrator v. Kentucky Traction & Terminal Co., 212 Ky. 524, 279 S. W. 955; Barksdale's Administrator v. Southern Railway Co., 199 Ky. 592, 251 S. W. 656; Milner's Administrator v. Evansville Rys. Co., 188 Ky. 14, 221 S. W. 207; Lavine v. Abramson, 142 Md. 222, 120 A. 523; Glick v. Baer, 186 Wis. 268, 201 N. W. 752; Naglo v. Jones, 115 Kan. 140, 222 P. 116; Sharp v. Sproat, 111 Kan. 735, 208 P. 613, 26 A. L. R. 1421; Wagenbauer v. Schwinn, 285 Pa. 128, 131 A. 699; Tennessee Central Railroad Co. v. Vanhoy, 143 Tenn. 312, 226 S. W. 225.

But appellant contends there is no testimony in this case as to what was done or said by Stephenson immediately before the accident, and, since no one will be presumed to recklessly imperil his own life, the presumption must be indulged that he did all the law required him to do to prevent the accident and to get Sharp to stop the car. Such a presumption, however, must rest upon the more violent and untenable presumption that Sharp, having been warned of the danger, deliberately drove his car in front of the approaching train, imperiling his own

as well as Stephenson's life.   As said in Coppin Co. v. Richards, supra:

"It is always to be presumed that one will not do anything which will directly imperil his life or that of his associates with whom he is on good terms."

Stephenson, being acquainted with the crossing and its surroundings, and knowing that he was approaching it at a high rate of speed, was required in the exercise of ordinary care for his own safety to use his senses of sight and hearing to ascertain whether or not it was safe for the automobile in which he was riding to pass over the railroad track, and if he failed to exercise ordinary care to ascertain the danger, or having ascertained the danger, failed to warn the driver, he was guilty of contributory negligence.

The facts and circumstances disclosed by the evidence were sufficient to authorize a submission to the jury of the question of contributory negligence.   The only reasonable deduction from the facts and circumstances proven is, that Stephenson not only failed to warn Sharp of the danger, but that he failed to use any precaution to ascertain the danger.   When the car in which he was riding passed Turner and Taylor, Stephenson was apparently unconscious of any danger, and it is plain that at that time he had not seen the wigwag nor heard the train whistle.   The car was then traveling at a rate of speed that would carry it to the crossing in less than eight seconds, and, while there is no testimony as to what Stephenson did or said during this short interval of time, a reasonable deduction from all the circumstances is that he said and did nothing.

The facts do not bring this case within the rule announced in Ray v. Ray, 196 Ky. 579, 245 S. W. 287, that the guest cannot be charged with contributory negligence when the danger arises suddenly and he has no opportunity to exercise proper care for his own safety.   As we have heretofore observed, Stephenson had knowledge of the speed at which the car was approaching the crossing with which he was familiar and he had ample time to ascertain the danger and warn the driver.   Having concluded that there was sufficient evidence of contributory negligence to authorize a submission of that question to the jury, it follows that the trial court did not err in re-

fusing to give an unqualified peremptory instruction for the plaintiff.

It is insisted, however, that the trial court in instruction No. 1 erroneously submitted to the jury for its determination the question as to whether or not the decedent Sharp was negligent. This instruction would have conformed to the facts more nearly had it directed the jury to find for the plaintiff unless they believed Stephenson's death was due to his own neglect as defined in the instruction on contributory negligence; but we are convinced that in the form given it could not have misled the jury. The proof conclusively shows a total absence of negligence on the part of the railroad company and the negligence causing the accident was thus confined to the occupants of the car. It is clear the jury's verdict was returned under the instruction on contributory negligence, assuming, as we must, that it was composed of sensible and reasonable men.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.