## Hinternisch v. Brewsaugh.

(Decided Nov. 1, 1935.)

WOODWARD, HAMILTON & HOBSON and WILBUR FIELDS for appellant.

ALFRED P. LEWIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

The appeal is from a $1,192.60 judgment for personal injuries resulting from an automobile collision.

At about 1 a. m., January 29, 1934, Elmer Schweinefus was driving Miss Brewsaugh from Latonia, where they had spent the evening, to her home at 1621 Holman street, Covington. Schweinefus had difficulty in operating his car. It stalled several times and would not pull the hill on Madison avenue between Seventeenth and Eighteenth streets. According to Miss Brewsaugh and Schweinefus, when the car failed to climb the hill he turned his car east into Seventeenth street at or near the bottom of the underpass to take the car out on Seventeenth street. After the car had gotten over into Seventeenth street beyond the east curb line of Madison the car stopped, and after being there about 30 seconds a taxi driven by Walter Elliott struck his car and injured Miss Brewsaugh. There was

further evidence that Elliott was on the wrong side of the street, was driving at a high rate of speed, and that the entire street in back of Schweinefus' car was clear. It was also shown that the glass and wreckage were found on the east or left-hand side of the street in the direction in which the taxicab was going, and also on the sidewalk. On the other hand, Elliott, the driver of the taxicab, testified that the Schweinefus car was parked on the west curb of Madison as he came under the viaduct. On reaching a point a short distance from the Schweinefus car, that car pulled to the left as if to make a U turn, or a turn into Seventeenth street. He applied his brakes and did everything possible to avoid the accident, but Schweinefus did not stop, and he struck the Schweinefus car in the middle section and wrecked both cars.

It is argued that Elliott's account of the accident is the more plausible, but it is at once apparent that the conflict in the evidence made a question for the jury, and it cannot be said that the verdict is flagrantly against the evidence.

Perhaps the principal ground urged for a reversal is that the court erred in refusing an offered instruction submitting the question of contributory negligence on the part of plaintiff in riding in a disabled automobile. It is true that a guest must exercise ordinary care for his own safety, and where he fails to observe an obvious danger or to warn the driver thereof, he may be guilty of contributory negligence. Stephenson's Adm'x v. Sharp's Ex'rs, 222 Ky. 496, 1 S. W. (2d) 957. A case might arise where the accident was due to the disabled condition of the car, and that condition was known to the guest, but here the accident was not due to the fact that the brakes were defective, or that the car would not pull the hill. Not only so, but the probability of danger from the stalling of the car, or its failure to pull the hill, was not so great as to impose upon appellee the duty of leaving the car at 1 o'clock on a very cold morning and walking to her home. We therefore conclude that the court did not err in refusing the offered instruction.

It is also claimed that the court erred in refusing an offered instruction authorizing the submission to the jury of the question, whether Schweinefus was appellee's agent in driving her home. The basis of this con-

tention is that appellee testified that Schweinefus was merely taking her home, and that was the sole purpose of the trip. A girl's escort, or beau, who drives her to or from an entertainment, may be inclined to obey her every whim, but he is not her agent or servant in the legal sense that she has the right to command and he the duty to obey. Her relation is simply that of an invited guest, and the driver's negligence is not imputable to her, even though taking her home may be the sole purpose of the trip.

Another contention is that there was no evidence that at the time of the accident Walter Elliott, the driver of the taxicab, was engaged in the business of John R. Hinternisch. Proof that the defendant owned the car, and that it was being driven by his employee at the time of the accident, is of itself sufficient to create the presumption that the driver was acting within the scope of his employment, Ashland Coca Cola Bottling Co. v. Ellison, 252 Ky. 172, 66 S. W. (2d) 52, and where, as here, that character of proof was supplemented by the evidence of the driver of the taxicab that he was answering a call, it is at once apparent that there is no merit in appellant's contention.

Lastly, it is insisted that the verdict is excessive. The evidence discloses that appellee's clavicle was broken, and she received other bruises. She was in the hospital for nine days, and it was six weeks before she was able to go back to work. Though the broken clavicle has healed, it has left a deformity which can only be relieved by an operation which of itself would leave a scar. A mere recital of the facts is sufficient to show that the verdict is not unreasonable.

Judgment affirmed.