## Mattingly v. Meuter.
## Farrell's Adm'x v. Same.
## Shaughnessy v. Same.

(Decided Nov. 9, 1938.)

295

WOODWARD, DAWSON & HOBSON, and DAVIS, BOEHL, VISER & MARCUS for appellants.

LUKINS & JONES for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

On the morning of Sunday, September 1, 1935, four young men started from Louisville to Cincinnati in the automobile of Fred Meuter, Sr., to a baseball game. It was driven by his son, Fred Meuter, Jr., who was 20 years old. The other boys were from 15 to 18 years old. The car ran along the way at a speed of fifty to sixty or sixty-five miles an hour. At one time it was running eighty miles an hour. Ten or twelve miles below Erlanger, as the car was going around a left curve it swerved to the left and then to the right and turned over several times. The occupants were thrown clear of the car. Young Meuter and Frank Farrell were killed. Joseph B. Mattingly and Joseph L. Shaughnessy were injured. The speed of the car and the circumstances were related by the two survivors as above, who say, however, the car was slowed down at other curves, but not at this one. Two other witnesses in an automobile behind the wrecked car say that at the time of the accident it was running forty to forty-five miles an hour and the curve was a slight one and should have been easily made at that speed.

Separate suits for damages were brought against

296

Fred Meuter, Sr., by Farrell's Administratrix and the two injured boys, under the family purpose doctrine. Over objections of the plaintiffs, the three suits were tried together. The verdict was for the defendant, and the plaintiffs separately appeal from the judgment.

The appellants submit it was error to permit the introduction in evidence of an inner tube of an automobile tire which was torn so as to indicate there had been a "blow-out." Immediately after the accident only one tire of the automobile was down or deflated. The car had been taken to a garage several hundred yards from the scene of the accident. The defendant testified the tire was changed at the garage and put inside the automobile. From other circumstances it is to be inferred this was not in his presence but it was not developed whether it was. He stated the tire was on the car when he bought it about six months before. Walter Meuter, the defendant's son, testified he took the tire containing the tube out of the automobile. The casing had no break or hole in it and the tube which he took out of the casing was in the same condition as when exhibited. It seems to us that the tube was sufficiently identified to be admitted in evidence.

It is further argued that the facts did not justify the giving of a contributory negligence instruction in relation to excessive speed. This is particularly emphasized in the Farrell case since he was at all times riding on the back seat of the car and there was no evidence that he saw the speedometer or knew definitely the speed of the automobile. It is submitted also that as the evidence showed the driver had slowed down at every other curve there was no reason for the occupants to anticipate he would not do so on the fatal one. None of them made any protest of excessive speed or suggested greater care.

The instruction on contributory negligence was predicated upon the fact that the driver of the automobile was running at an unreasonable and dangerous rate of speed considering the traffic conditions and the use of the highway at the time and place, and submits that if the plaintiffs saw or by the exercise of ordinary care could have seen that he was so doing "a sufficient distance before said accident occurred," then it was their duty, respectively, to protest and request him to slacken

its speed; and if the jury believed from the evidence that they were negligent in that they failed to do so, and by reason of such negligence, if any there was on their part, or any of them, they contributed to bring about the accident, the jury should find for the defendant. The appellants, quite obviously, make no complaint of the predicate of the instruction or the failure to submit the question of whether the driver was in fact driving at an unreasonable speed. Their argument is that the circumstances as above outlined did not authorize it and that there could be no presumption the plaintiffs or the deceased knew the speed was excessive. We cannot close our minds to the situation of four young boys, in a fast, new automobile, on a concrete highway, going to a baseball game as being different from the participants and the conditions that existed in Chambers v. Hawkins, 233 Ky. 211, 25 S. W. (2d) 363, Haller's Pet Shop v. Pearlman, 253 Ky. 130, 69 S. W. (2d) 9, and some other cases relied upon by the appellants in which it was held no contributory negligence instruction was justified. The evidence shows that each of the three guests was a bright, promising young man, in the full vigor of life. It would not do to say that the deceased boy did not realize the excessive speed the same as did the two survivors who testified as to it. Nor is the evidence sufficient to show any reason for not having anticipated a continuance of that speed at the place and time of the accident. The instruction does not presume negligence on the part of the plaintiffs or any of them. It places contributory responsibility upon them if they saw or by the exercise of ordinary care could have seen the danger a sufficient distance before the accident occurred to have done something to curb the speed of the driver or to show, at least, that they were not acquiescing in his rapid travel.

In such situations as this the law is not that contributory negligence consists alone in an affirmative act of encouraging the driver to excessive speed or reckless driving. It may be negligence on the part of the guest to make no remonstrance or effort to protect himself or avoid the danger, where he has equal opportunity to see and an ability to appreciate the danger. Failing altogether to do anything reasonable and practical may be in effect taking the chance, or acquiescing in what the driver is doing. Sharp v. Sproat, 111 Kan. 735, 208 P.

613, 26 A. L. R. 1421. The case is strikingly like the one before us. Several boys were riding to a baseball game, and while driving an automobile at a speed of 45 to 50 miles an hour the car turned over and Sharp, a guest, was killed. Neither he nor any of the others protested against the rate of speed or requested the driver to slow down. The court held it was error to refuse an offered instruction on contributory negligence which is essentially the same as the instruction on contributory negligence given in this case. This is in accord with the rule that a guest must exercise ordinary care for his own safety and, accordingly, may not ignore obvious dangers, or, observing or being in position to observe a danger to himself, fail to do what is reasonable and practical for his self-preservation. Stephenson's Adm'x v. Sharp's Ex'rs, 222 Ky. 496, 1 S. W. (2d) 957; Cox's Adm'r v. Cincinnati, N. O. & T. P. Railway Company, 238 Ky. 312, 37 S. W. (2d) 859; Hinternisch v. Brewsaugh, 261 Ky. 432, 87 S. W. (2d) 934; Louisville & Nashville Railroad Company v. Hadler's Adm'r, 269 Ky. 115, 106 S. W. (2d) 106; Annotations, 26 A. L. R. 1428; 40 A. L. R. 1341; 47 A. L. R. 329; 61 A. L. R. 1261; 65 A. L. R. 956. Of course circumstances alter cases. Under the facts of the case, we think the instruction fairly and admirably states the law applicable. The given instruction is more favorable to the plaintiffs than that directed to be given upon another trial in New York Indemnity Company v. Ewen, 221 Ky. 114, 298 S. W. 182.

The instruction as to the duties of the driver of the automobile confines them to the common law duties of keeping it under reasonable control and operating it at a speed that was reasonable and proper, having regard for traffic conditions and the use of the highway at the time and place. These duties are also required by the first part of Section 2739g-51, Statutes. As in City of Catlettsburg v. Sutherland's Adm'r, 261 Ky. 535, 88 S. W. (2d) 19, the instruction omits the criterion of prima facie unreasonable driving or negligence set out in other parts of the statute. The appellants rely upon that case for reversal of the judgment. As plaintiffs, they offered no instruction upon the point. We are of opinion that under familiar law they thereby waived the right to have the jury instructed on this specific point for which they now contend.

Farrell's Administratrix insists that it was error to try his case jointly with the others. It is the rule of general application to try together all cases arising out of the same accident. Exceptions are made where one of the parties may be put to a disadvantage. Generally that has been in cases of a husband and wife because by the joint trial each of them secures the advantage of having the other's evidence heard by the jury, which could not be had upon separate trials, and which, obviously, work a disadvantage upon the defendant. Sheetinger v. Dawson, 236 Ky. 571, 33 S. W. (2d) 609; Hirsch v. Warren, 253 Ky. 62, 68 S. W. (2d) 767. The only reason assigned here why there should have been separate trials is that it was necessary that the jury hear evidence concerning the extent of the injuries of Mattingly and Shaughnessy, and, as to the former testimony of several witnesses on the collateral issue of whether he had played football on the following Thanksgiving Day. As has been often said, it is presumed the jury are sensible persons, and we cannot believe these things could have prejudiced the administratrix in whose case the only issues were negligence and contributory negligence. The point is too sharp to reverse the judgment upon.

Perceiving no error in the trial, the judgment is affirmed.

Stites, C. J., did not sit.