## Epperson v. Wright.
Feb. 28, 1939.

WATT M. PRICHARD, Judge.

WOODS & WOODS for appellant.
HANNAH, VANSANT & McKENZIE for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The verdict in this case was for the defendant, Albert Wright, in a suit by Mrs. Jewell Epperson for damages caused in an automobile accident. The sole ground upon which the appeal is predicated is error of the court in giving a contributory negligence instruction.

Mrs. Epperson was a guest on the back seat of the defendant's car. He and his wife were on the front seat. They were traveling north on Crooks Avenue, in Ashland, and collided with a machine being driven east by John Blizzard at the intersection with Main Street. The plaintiff testified that Wright was not going fast and that she was not paying any attention to his driving for she was talking with Mrs. Wright. She did not realize a collision was impending and the first she knew of it was when she regained consciousness and saw an ambulance and a policeman at the scene. Blizzard, introduced by the plaintiff, testified that he was driving a 1928 Hupmobile; that he came to a full stop at the intersection; didn't see any car coming, and started across Crooks Avenue in low gear. When near the middle of the street he saw the defendant's car about a block away, and "I mashed on my gas" but "it would not take it." He was going about 10 miles an hour and Wright's car came on and struck the side of his machine mashing it in and knocking it off the street. In contradiction the defendant proved that shortly after the accident Blizzard had stated he had not stopped at the intersection because he did not know it was a stop street.

The evidence for the defendant is to the effect that he was in no way negligent and that the accident was due solely to Blizzard's negligence.

Unlike cases where it could be said that a guest acquiesced in the negligent driving of a host, such as at an excessive speed (Mattingly et al. v. Meuter, 275 Ky. 294, 121 S. W. (2d) 676), or in going upon a railroad crossing oblivious to the warning of an approaching train (Stephenson's Adm'x v. Sharp's Ex'rs, 222 Ky. 496, 1 S. W. (2d) 957), a guest cannot be regarded as contributorily negligent under circumstances such as here related. The danger was not obvious and the defendant's manner of driving and the suddenly appearing situation did not call for any protest on the part of

the plaintiff. There is no evidence tending to show an opportunity for her to do anything to avoid the accident. Under some circumstances, of course, a guest in an automobile may be guilty of contributory negligence in a collision with another car at a street intersection independently of the driver. But it must be remembered that the authority over and the responsibility for the management of the car rests on the driver. Therefore, the law does not hold a passenger equally bound with the driver to watch for the approach of other traffic. 5 Am. Juris., Automobiles, Section 488; Campion v. Eakle, 79 Colo. 320, 246 P. 280, 47 A. L. R. 289.

The Court was led into giving the contributory negligence instruction in this case by the defendant offering it. The error is practically conceded, and an escape from the consequences is sought to be had under the rule of non-prejudice. This argument is in the main rested upon the contention that Blizzard's testimony was unworthy of belief. We are not able to say whether the jury disbelieved him or believed that the plaintiff herself was negligent in not doing something which might have averted the collision. It seems to us there was no evidence tending to show the failure of the plaintiff to exercise ordinary care for her own safety. Ray v. Ray, 196 Ky. 579, 245 S. W. 287; Chambers v. Hawkins, 233 Ky. 211, 25 S. W. (2d) 363; Hinternisch v. Brewsaugh, 261 Ky. 432, 87 S. W. (2d) 934.

Wherefore, the judgment is reversed.