### PRICE v. UNITED STATES and four other cases.
### Nos. 168–172.

District Court, E. D. Kentucky, Lexington.
July 5, 1943.

J. L. Williams, of Harlan, Ky., for plaintiffs.

John T. Metcalf, U. S. Atty., and Ben L. Kessinger, Asst. U. S. Atty., both of Lexington, Ky., for defendant.

FORD, District Judge.

These suits were instituted under a private Act of Congress approved June 29, 1940, 54 Stat. 1298, by which jurisdiction was conferred upon this Court "to hear, determine, and render judgment, as if the United States were suable in tort, upon the claims of Matt Hensley, Arnold Blanton, Lillie Price, and Clyde Thorpe, all of Wallins Creek, Harlan County, Kentucky, for damages resulting from personal injuries and property damage; and upon the claim of D. L. Mason, of Wallins Creek, Harlan County, Kentucky, for damages resulting from the death of his minor daughter, Dorothy Mason; said injuries, death, and property damage having been received when the taxicab in which they were passengers was in a collision with a Civilian Conservation Corps truck on the highway between Lake View and Harlan, Harlan County, Kentucky, on September 14, 1935 § * * *." Section 1.

The negligence charged in the bills of complaint upon which the plaintiffs' claims are based is that at the time and place of the collision referred to in the Act the defendant's truck "was negligently driven by an employee of the United States against said automobile taxicab."

The effect of the Act was to waive the sovereign immunity of the Government from suits by the plaintiffs upon the claims described and to provide a judicial forum to which the plaintiffs might resort for the determination of their respective claims as if the suits were between private parties.

By agreement of the parties the suits were tried together. In conformity with the requirement of the Act (§ 2) that proceedings for the determination of plaintiffs' claims "be in the same manner as in the cases over which such court has jurisdiction under paragraph 20 of section 24 of the Judicial Code, as amended [28 U.S.C.A. § 41(20)]", the cases were heard by and submitted to the Court without the intervention of a jury.

The accident, which resulted in the damages complained of, was a collision of a Government owned truck and a taxicab in which plaintiffs and others were riding. It occurred about 10:30 P.M. on September

14, 1935, when the vehicles attempted to pass each other at a point between Lake View and the city of Harlan on State Highway No. 119. The taxicab was traveling towards Harlan and the truck was going in the opposite direction.

The taxicab was a five passenger Chevrolet Master Sedan 1934 model. At the time of the accident it was owned and operated by the plaintiff, Matt Hensley, and he was carrying in it eleven (11) persons including himself, four (4) on the front seat and seven (7) in the rear.

The truck was used by the Government in connection with the operation of a Civilian Conservation Corps camp located in Harlan County. At the time of the accident, it was being used to transport a group of C.C.C. enrollees on their return from Harlan to their camp at Pathfork. The driver of the truck and one other member of the group were on the front seat and the others were seated on benches constructed across the bed of the truck.

The evidence is conflicting as to the position of the cars on the highway at the time of the collision. The four plaintiffs and a sister of one of them, who were riding in the taxicab, testified in substance that as the cars approached each other the truck was traveling in the middle of the road, and continued to swerve toward the oncoming taxicab until it crashed into it at a point when the taxicab was far over near the outer edge of its side of the road. This testimony was directly contradicted, not only by the driver of the truck, but by seven of the other occupants of it. The substance of their testimony was that the truck was traveling at a very moderate rate of speed, well over on its own side of the center of the road when the taxicab, after swerving back and forth across the center as it approached, crashed into the side of the truck. None of these witnesses had any connection with the Government at the time they testified. They had long since ceased to be members of the C.C.C., and were living in various parts of the country. Their ability and opportunity to accurately observe the positions and movements of the two cars and the circumstances of the collision were equal to that of the plaintiffs and so far as appears from the record they are equally entitled to belief.

The undisputed fact that four persons were crowded, side by side, into the front seat of the taxicab, which had a seating space of only 42 inches, lends credence to the testimony of several of the witnesses produced by the defendant that as the taxicab rounded the slight curve approaching the scene of the accident, it was observed to be shifting or swerving back and forth across the center of the highway and goes far to confirm the contention of the defendant that the crash of the taxicab into the side of the truck was the result of the inability of its driver to control its operation on account of the crowded condition to which he negligently and unlawfully permitted himself to be subjected. Ky. Statutes, § 2739j-22; K.R.S. § 281.320.

In resolving such a conflict of testimony as appears here, it is not unreasonable that greater weight be attributed to the testimony of those witnesses who have no self-interest to serve in the matter.

To entitle the plaintiffs to recover, it was incumbent upon them to establish by a preponderance of the evidence that negligence upon the part of the driver of the defendant's truck was a proximate cause of the collision. To say the least, the testimony of the witnesses for the defendant was sufficient to defeat the requisite preponderance essential to sustain the contention of the plaintiffs in this respect.

I am of the opinion that the plaintiffs failed to show by a preponderance of the evidence any negligence of the driver in the operation of the truck.

The bed of the truck was 88 inches wide and extended slightly beyond the running board on each side. It had no clearance lights indicating the outside left limit of the truck bed, as required by section 11 of Chapter 106 of the Acts of the General Assembly of Kentucky of 1932 (Carroll's Ky. Statutes, Baldwin's 1936 Revision, § 2739g-90; K.R.S. § 189.050(4). Section 13 of the Act, however (Carroll's Ky. Statutes, Baldwin's 1936 Revision, § 2739g-92(a); K.R.S. § 189.280), provides that this statutory requirement shall not apply to motor trucks owned by the United States or any agency thereof. If, however, notwithstanding the statutory exemption of ·Government owned trucks from the requirement referred to, we assume, without deciding, that in the exercise of ordinary care in the operation of its truck at night upon the public highway it was the duty of the Government to place a clearance light upon the left edge of the truck bed and that failure to do so constituted negligence, it nevertheless seems clear from the testi-

mony that such failure was not the proximate cause of the collision. At most, it was nothing more than a contributing cause and the right of recovery by the plaintiff, Matt Hensley, the driver of the taxicab, is clearly precluded by reason of his own contributory negligence hereinbefore referred to.

As to those of the plaintiffs who were merely passengers in the taxicab, the negligence of their driver is not imputable to them and if they were free from contributory negligence, under the law of Kentucky, their right to recover for concurrent negligence of the owner of the truck is not precluded because negligence of the driver of the vehicle in which they were passengers also contributed to bring about the collision. Alva West & Co. v. Corwin, 273 Ky. 557, 117 S.W.2d 192. However, if the passengers themselves failed to exercise ordinary care for their own safety, they are likewise denied the right of recovery. Stephenson's Adm'rx v. Sharp's Executors et al., 222 Ky. 496, 1 S.W.2d 957; Moody's Adm'r v. Commonwealth et al., 265 Ky. 780, 97 S.W.2d 816.

The evidence in the case shows that the overcrowding of the front seat of the taxicab was a danger clearly obvious to all of the passengers, including the plaintiffs, and they entirely ignored this obvious danger and did nothing to avoid or protect themselves from it. They neither remonstrated with the driver nor exercised their right to decline to ride under such conditions. They acquiesced in the dangerous conditions under which the taxicab was operated and must therefore be denied recovery on account of their own contributory negligence.

Although Dorothy Mason, one of the passengers, for the death of whom one of the instant suits was instituted by her father, the plaintiff D. L. Mason, was between 15 and 16 years of age, nothing is shown to exempt her from the effect of her contributory negligence. The law of Kentucky attributes to minor children of her age and mental capacity the same duty to exercise ordinary care for their own safety as that resting upon adults. Louisville & N. R. Co. v. Hutton, 220 Ky. 277, 295 S.W. 175, 53 A.L.R. 1328; Mattingly v. Meuter, 275 Ky. 294, 121 S.W.2d 676.

Having reached the conclusion that upon the essential factual issues the plaintiffs have failed to establish their right to recover upon their respective claims, it is unnecessary to discuss the nature or extent of the injuries sustained or to consider the contention of the attorneys for the Government based upon the doctrine of the Durrance case, (United States v. Durrance) 5 Cir., 101 F.2d 109, in respect to the right of the plaintiff D. L. Mason to maintain his action.

Let findings of fact, conclusions of law and judgment in conformity herewith, be submitted for entry.