## COLEMAN et al. v. BLACKBURN.

Court of Appeals of Kentucky.

March 5, 1954.

Francis M. Burke, L. D. May, Pikeville, for appellants.

Garred O. Cline, P. K. Damron, Henry D. Stratton, Pikeville, for appellee.

WADDILL, Commissioner.

This litigation arises from a serious hit and run automobile accident. At about 6:00 p. m., July 11, 1951, the automobile owned and operated by the appellee, Harold Blackburn, was struck by a coal truck on highway No. 80 near the mouth of Marrowbone Creek in Pike County. The appellee and a lady friend were returning from Elkhorn City with a case of beer for a party which he expected to attend that night. His automobile was badly damaged and his left arm was severely injured.

Appellee instituted this action against the appellants, charging that they were the owners of the truck in question and that the accident and damages suffered by him were caused by the negligent operation of appellants' truck by its agent and employee, Alex Meadows. Upon trial of the case a jury returned a verdict in appellee's favor for $7,000. This appeal is from a judgment entered on that verdict.

The appellants introduced no proof. They urge that the court erred in overruling their motion for a directed verdict because appellee failed to prove that the truck which collided with appellee's car was owned by appellants or was being driven by their agent, or that the truck was being operated on appellants' business.

· Unfortunately for appellee, he was rendered unconscious by the accident and was unable to identify specifically the truck involved or the operator thereof. However, appellee did testify that his automobile was struck by a coal truck, which he described as an "Army 6 X 6", while he was driving his car on the right side of the highway. Other evidence, which tends to show the place of collision, supports appellee's testimony in respect to the negligence of the operator of the truck in question.

Appellee did not introduce any person who professed to have witnessed the accident, nor did he introduce any direct evidence that the operator of the truck was an agent of the appellants, and as such, was operating the truck on the appellants' business on the occasion of the accident. In the face of this, appellee contends that there was evidence which established that the truck was owned by the appellants and was being driven by appellants' employee, Alex Meadows, and that the accident occurred on the regular route from the appellants' coal mine to a coal dock or unloading point. Appellee seeks to invoke the rule that the use of an employer's truck by an employee gives rise to the presumption that the employee was engaged in the master's business and that proof of such use was sufficient to take the case to the jury and to sustain its verdict. Appellee relies upon Hinternisch v. Brewsaugh, 261 Ky. 432, 87 S.W.2d 934; Sharp v. Faulkner, 292 Ky. 179, 166 S.W.2d 62; Union Transfer & Storage Co. v. Fryman's Adm'r, 304 Ky. 422, 200 S.W.2d 953.

 While we have recognized the applicability of this rule in cases where it was shown that the employer was operating trucks as a commercial carrier over designated routes, Union Transfer & Storage Co. v. Fryman's Adm'r, 304 Ky. 422, 200 S.W.2d 953, and where the employer-employee relation was established, Sharp v. Faulkner, 292 Ky. 179, 166 S.W.2d 62, nevertheless, this rule is not applicable in the instant case because the evidence failed to establish that the master-servant rela-

tion existed between the appellants and Alex Meadows. Consequently, no presumption arose upon which to predicate liability against the appellants under the doctrine of respondeat superior. Higgans v. Deskins, Ky., 263 S.W.2d 108.

Wherefore, the judgment is reversed, with directions that in the event the evidence is substantially the same on a retrial of the case the Court will direct a verdict in favor of the appellants.

Judgment reversed.