**JUSTICE v. KELLY.**

**FORD v. KELLY.**

Court of Appeals of Kentucky.

June 4, 1954.

Rehearing Denied Dec. 3, 1954.

V. R. Bentley, Pikeville, William A Young, Frankfort, for appellant.

L. D. May, Pikeville, for appellee.

CLAY, Commissioner.

These consolidated cases arise out of a fatal automobile accident. The jury found for the defendant in each case, and the principal ground for reversal is alleged error in the instructions.

The accident happened about 6:30 p. m. on the evening of January 16, 1953, about dark. The automobile, driven by defendant's minor son, ran off the highway and struck a tree with terrific force. The driver and the two passengers on whose behalf these suits were filed were killed outright. A fourth passenger was seriously injured, and he did not testify in the case.

Immediately before the accident the defendant's car, as it passed another motorist on the highway, was travelling at a speed estimated at 85 miles an hour. The automobile then swung to the right of the road, swerved back to the left, and went over a hill into the tree.

About two and one-half miles from the place of the accident the automobile had been driven by defendant's son through a built-up intersection at a speed estimated at

from 55 to 60 miles an hour. There is a caution light at this intersection and a stop sign, but both were ignored by the driver. Plaintiff's decedents were in the automobile at that time.

Approximately an hour before the accident one of the occupants of the automobile had wrecked his own car at another place, and at that time defendant's car was seen to be operated at an excessive rate of speed. One of the plaintiffs' decedents had been injured in that prior accident and had transferred to defendant's automobile.

At the scene of the earlier mishap at least two of the three persons killed in the later accident were observed to be under the influence of intoxicants. There is testimony that a sizeable package had been transferred from the wrecked car to the defendant's automobile, and it may be inferred that the package contained beer. Unopened cans of beer were also found at the scene of the fatal accident. While one of the plaintiffs' decedents apparently was not involved in the first accident, this does not appear material since he had joined the group prior to the fatal excursion.

The chain of circumstances indicates very clearly that the youths were joyriding, intoxicants were being consumed, and defendant's car had been operated for an appreciable length of time in a most reckless manner. No question is raised with respect to the obvious negligence of its driver.

■ It is the contention of plaintiffs, however, that there was no evidence of contributory negligence upon the part of their decedents. They suggest no instruction whatsoever should have been given on that issue. We think there was abundant evidence in the case from which a jury could conclude that all the persons in the car were either drinking or had knowledge for some time prior to the accident that the driver had been drinking and was intoxicated. Still further it appears that all of the occupants of the automobile knew the driver was operating it in a most reckless

and dangerous manner. While it is true there was no direct evidence that plaintiffs' decedents failed to protest or failed to take other steps for their own safety, the jury could fairly infer from the circumstances that they were negligent in this respect. See Stephenson's Adm'x v. Sharp's Ex'rs, 222 Ky. 496, 1 S.W.2d 957.

Plaintiffs further take the position that the instructions given by the court were incorrect, principally because they assumed certain facts which it is claimed were in issue.

■ Instruction No. 2 advised the jury in substance that if they believed the driver operated the automobile at an excessive and dangerous rate of speed and by reason thereof the automobile was wrecked, they should find for the defendant if they believed the passengers were aware of the dangerous manner in which the automobile was being operated and failed to take precautions for their own safety. Appellants contend this instruction was in effect a directed verdict for defendant, that it was not supported by evidence, and that it excused the negligence of the driver. None of these objections is well taken. The jury was only authorized to find for the defendant if it believed the facts set out in the instruction. There was ample evidence of those facts. Obviously the instruction did not excuse the driver's negligence because such negligence was the basis of the instruction.

■ Instruction No. 3 in substance told the jury that if the decedents knew or could have known of the driver's inability properly to operate his automobile because he was under the influence of intoxicating drink, it was their duty to take precautions to avoid injury to themselves. Appellants complain that this instruction did not connect the driver's condition with the accident. However, it seems clear to us that there is implicit in the instruction the requirement that the jury believe the intoxicated condition, if it existed to the extent set forth, was the cause of the accident.

While both instructions 2 and 3 may have technical deficiencies, our careful consideration of those instructions and the evidence convinces us that the only substantial issues in the case were presented to the jury in such a manner that they were clearly understood. The evidence fully justified a finding that the accident was caused by the negligence of the driver resulting from its reckless operation induced by intoxication. Therefore, the only real question to be determined by the jury was whether or not the other occupants of the automobile exercised due care for their own safety. This question having been decided in defendant's favor, we find no reason to disturb the verdict.

The judgments are affirmed.