Freda RICHIE, an Infant, Who Sues by Her Father and Next Friend, Fred Richie, Appellant,

v.

Robert L. CHEARS, Appellee.

Court of Appeals of Kentucky.

March 23, 1956.

Leibson, Leibson & Leibson, Louisville, for appellant.

Fielden Woodward, Woodward, Hobson & Fulton, Louisville, for appellee.

STANLEY, Commissioner.

This is an action by Freda Richie by her next friend to recover damages for personal injuries sustained as a guest in an automobile of Robert L. Chears when the car ran off the street and struck a utility pole. The driver had dropped off asleep. The court directed a verdict for the defendant on the ground of contributory negligence.

The defendant, now appellee, was a soldier stationed at Fort Knox. He lived or stayed at the home of Freda's parents in Louisville when on a pass or leave. On the occasion of the accident he and Freda, who is his second cousin, (with the consent of her parents), went for a ride. She was 14 years old. They left about 10:30 in the evening. Chears was due back at his post at 4:00 A.M. He knew very little about the city, and she was familiar only with her neighborhood. They became hopelessly lost. It was perhaps around two hours before the accident when, according to the girl, Chears said he was "a little sleepy." Not long afterward she went to sleep and was asleep when the car struck the pole. During the trial the girl was questioned by defendant's counsel concerning statements she had made in a pretrial deposition taken as if on cross-examination. In that deposition she had stated, as she here admitted, that Chears

"looked a little sleepy," and that she had said nothing to him other than to tell him "to hurry up and find the way home.".

The defendant, called to the witness stand by the plaintiff, testified he had become lost and had remarked that he was tired. He did not recall having said he was sleepy. He had dropped off to sleep and the car ran into the pole. Before this occurred he had found himself to be on 22nd Street. It does not appear that Chears, while lost, made any effort to find out where he was or how he might get back to the girl's home. The accident occurred at 22nd and Magazine Streets in the western part of the city, and the plaintiff lived on Burnett Avenue, in the eastern part.

The defendant's negligence was established. Ansback v. Greenberg, Ky., 256 S.W.2d 1. As stated in Jones v. Pasco, 179 Va. 7, 18 S.E.2d 258, 259, 138 A.L.R. 1385, "It is within the driver's control to be awake or cease from driving. Sleep does not ordinarily come without some warning of its approach. One who goes to sleep while driving necessarily relaxes the vigilance which the law requires and the instinct of self-preservation demands. In the absence of circumstances tending to excuse or justify such conduct, evidence of such an act makes a prima facie case of want of proper care." This court has held that the doctrine of res ipsa loquitur is applicable in such a situation. Rennolds' Adm'x v. Waggener, 271 Ky. 300, 111 S.W. 2d 647; Thompson v. Kost, 298 Ky. 32, 181 S.W.2d 445. See Annotation, 28 A.L. R.2d p. 44, et seq.

It appears that in directing the verdict the trial court was guided by Rennolds' Adm'x v. Waggener, supra. The cases, it seems to us, are distinguishable. In the Rennolds case the guest had gotten into the automobile knowing that the defendant had been drinking intoxicants and was tired from having worked during the day and that he had been up practically all night attending a dance. Moreover, during the course of the trip the driver had cautioned his guests to talk to him and not let him fall asleep at the wheel. The de-

cision that as a matter of law the guest was contributorily negligent in that she had assumed or incurred risk of injury rests on the combination of these circumstances and conditions.

In Thompson v. Kost, supra, also a case where the driver had fallen asleep at the wheel and the car had left the road and overturned, both the driver and the injured passenger had drunk some liquor about midnight and one of the guests had offered to relieve the driver for a while but she had declined the offer. We held a verdict for the plaintiffs should not have been directed and that the question of contributory negligence should have been submitted to the jury. The reason assigned for the ruling was that the plaintiffs had known the defendant had been working late in the afternoon, had had no sleep, had taken a drink of intoxicating liquor when they started out, and seven people had been riding around in the car with the windows closed. All these factors were likely to cause drowsiness and incapacitate the driver, and the plaintiff was chargeable with that fact.

In the case at bar the factor of drinking was not involved at all. The girl did not get into the automobile when the driver showed any sign of drowsiness or under circumstances which even an adult might have anticipated would cause him to go to sleep at the wheel.

■■ The duty of an invited guest in an automobile is that of exercising such care as is reasonable and practicable to avoid injury to himself. More specifically, it is that for his own safety the guest should act as a reasonably prudent person would under like conditions and circumstances and this comprehends the time and opportunity for action. The duty to remonstrate with the driver of an automobile or to get out of the car or request that he be allowed to do so when the guest observes that the driver is doing something that might be regarded as negligent or as involving danger or risk is not absolute. Generally, whether failing to do so constitutes a want of ordinary care contributing to the injury is a question for the jury. 4 Blashfield, Cyclopedia of Automobile Law, Sec. 2415; Hinternisch v. Brewsaugh, 261 Ky. 432, 87 S.W.2d 934. The guest may reasonably and properly rely upon the assumption that the host in charge of the operation of the automobile will not voluntarily and improperly increase the common risks of travel and is not bound to anticipate negligence, although the guest may not ignore obvious dangers or entrust his safety absolutely to the driver when he possesses knowledge or means of knowledge of danger on a parity with that possessed by the operator and it appears to have been reasonable and practicable to advise or warn the driver thereof. 4 Blashfield, Sec. 2392; Stephenson's Adm'x v. Sharp's Ex'rs, 222 Ky. 496, 1 S.W.2d 957; Lexington Ice Co. v. Williams' Adm'r, 236 Ky. 318, 33 S.W.2d 14; Rennolds' Adm'x v. Waggener, 271 Ky. 300, 111 S.W.2d 647; Mattingly v. Meuter, 275 Ky. 294, 121 S.W.2d 676. A guest is not contributorily negligent in going to sleep, especially when it is doubtful that he could have done anything to prevent the accident had he remained awake. Chambers v. Hawkins, 233 Ky. 211, 25 S.W.2d 363; Jesse v. Dunn, 244 Ky. 613, 51 S.W.2d 918.

■■ It is to be considered in determining a question of negligence or contributory negligence that a child or youth is not held responsible for the exercise of more care than can reasonably be expected of one of his maturity and capacity. The standard of care is that ordinarily exercised under the same or similar circumstances by children of the same age and capacity to appreciate the danger, if any, and what cautionary measures should be taken for his own safety. 38 Am.Jur., Negligence, Secs. 204, 205. This rule applies where the child is 14 years old. Lundy v. Brown's Adm'x, 305 Ky. 721, 205 S.W.2d 498.

■ In this case, however, it seems to the Court that a jury might believe that the plaintiff was contributorily negligent in going off to sleep herself instead of re-

maining awake to keep the driver alert, hence, that the issue should have been submitted to the jury.

Judgment reversed.

MILLIKEN, C. J., is of opinion that it should be held that the plaintiff was not guilty of contributory negligence as a matter of law..