Marie DONAHUE, Administratrix of the Estate of James D. Donahue, Deceased, et al., Appellants,

v.

C. C. SIMMS, Administrator of the Estate of Francis W. Simms, Deceased and C. C. Simms, Individually, Appellees.

Court of Appeals of Kentucky.

Sept. 29, 1967.

James F. Clay, Danville, Chat Chancellor, Chancellor & Darnell, Frankfort, for appellants.

Robert M. Spragens, Lebanon, for appellees.

STEINFELD, Judge.

Five boys whose ages ranged from fifteen to seventeen were killed when the automobile in which they were riding was wrecked. The respective administrators of four of these boys sued the estate of the fifth, his father and other members of his family. The court dismissed certain defendants and the jury found for the remaining ones. From a judgment entered pursuant to that jury verdict all plaintiffs appealed. We affirm.

On May 25, 1964, about 10:00 p. m. on a straight stretch of road about two miles northeast of Loretto on Kentucky Highway No. 49, the car owned by Lewis Simms [1] left marks which extended 177 feet on the surface, went off the road and continued for 240 feet where it struck a tree with such force as to kill the five occupants almost instantly.

No one testified that he saw any of the boys in the car before the accident and nobody was able to furnish any evidence as to who was driving before or at the time of the wreck. The first person to reach the

---

1. This name is also spelled Louis Simms in many places in the record.

car stated that "the bodies in the car were thrown in disarray." The Ballard boy was up under the dash of the car in front, the Donahue boy was toward the center of the car, and the Clark boy was on the floor in back. This witness said that Francis Simms was behind the steering wheel, but the Hamilton boy was between Simms and the door on the driver's side. The reason for the accident was unknown but apparently a tire had blown out while the automobile was traveling at a high speed, causing the operator to lose control.

From the entire record, including the depositions taken for the purposes of discovery (CR 26.01), we have obtained information, only some of which was produced in evidence at the trial.

Lewis Simms, who was one of the defendants in this action, owned an automobile. From time to time his brother Francis, who lived with his parents about 1¼ miles from Lewis, without securing specific consent from Lewis, was allowed to use the car "to go down the road to the grocery, or any short trips like that. He would ask permission to use the auto if he was going to keep it for any length of time." On the occasion of the accident, Francis had not requested or received permission to use the automobile. Lewis always left his keys in the car (a reprehensible habit as well as an invitation to anyone passing by to take the car). There was no evidence of who took the car from where he had left it.

On that fatal night Lewis went to the movies. When he returned, his car was missing. He secured the aid of his father to locate the auto and after the two arrived in town they learned of the tragedy.

Much of the information which we have just related was contained in the discovery depositions which were not produced for any purpose whatsoever during the trial. The contents were not before the jury and were not subject to consideration by the trial court on the motion to grant to the defendant a directed verdict.

The only proof on the trial, with respect to the use of the automobile, was the testimony of Lewis Simms who was called as a witness by the appellants, and when interrogated as if on cross examination testified as follows:

"Q. 2 Mr. Simms, the car that was involved in the accident, which the witnesses have described, was your car, was it not?

A. Yes sir.

Q. 3 Tell the jury if your brother, Francis Wayne Simms, frequently, or at all, drove your automobile?

A. Yes. They all had an opportunity to drive it any time I wasn't in it.

Q. 4 You made no objection to your brother, Francis Wayne Simms, using your automobile?

A. No sir.

Q. 5 And you were aware that he did so on occasions?

A. Yes.

Q. 6 Where had you gone—at the time—the evening of this accident?

A. I went to the theatre.

Q. 7 At what time were you there?

A. I was there until 10:30 or 11:00 o'clock that night, then I went home and the car was gone.

Q. 8 You made no complaint about it then?

A. Yes I did.

Q. 9 Did you know where it was?

A. I looked for it, but he wasn't at home.

Q. 10 You understood that Francis Wayne had it?

A. Yes, but there wasn't anybody home, and I went down town and found

out down there about the wreck of my car."

At the conclusion of the introduction of all evidence the defendants moved for a directed verdict. They claimed then, and now claim, that there was no evidence that Francis was operating the automobile at the time of the accident or that the accident resulted from his negligence. The court overruled the motion as to the appellees herein but sustained it as to the other defendants. After being instructed and deliberating the jury said, "We the members of the jury find Simms not guilty."

The appellants insist that it was error to instruct the jury that it could consider whether the passengers were negligent and if it so believed it could find for the defendants. They cite Murphy v. Harmon, 291 Ky. 504, 165 S.W.2d 11 (1942); Epperson v. Wright, 277 Ky. 205, 126 S.W.2d 123 (1939); Edmiston v. Robinson, 293 Ky. 273, 168 S.W.2d 740 (1943); Wright & Taylor v. Ochs, 306 Ky. 396, 208 S.W.2d 52 (1948) and Rucker v. Clark, Ky., 239 S.W.2d 80 (1951). The appellees say that the instruction of which appellants complain was proper and refer us to Mattingly v. Meuter, 275 Ky. 294, 121 S.W.2d 676 (1938) and Stephenson's Adm'x v. Sharp's Ex'rs et al., 222 Ky. 406, 1 S.W.2d 957 (1927). If this charge was improper they contend that it was not prejudicial and that the jury did not consider it. They rely on Buren v. Louisville Rwy. Co., 291 Ky. 641, 165 S.W. 2d 352 (1942) and Standard Generator Service Co. v. Stout, Ky., 321 S.W.2d 47 (1959). The appellees also argued that the appeal should be dismissed because of an alleged failure by appellants to comply with certain court rules, or alternately that the judgment should be affirmed.

We need not decide these issues for we hold that the appellees were entitled to dismissal by the court because of the failure of the appellants to present substantive evidence that Francis Simms was driving and that the accident resulted from his negligence. Licking River Limestone Co. v. Helton, Ky., 413 S.W.2d 61 (1967).

■ The tests to be applied in this type of situation are stated in Cox et al. v. Wilson et al., Ky., 267 S.W.2d 83, 44 A.L.R. 2d 830 (1954) and Vernon v. Gentry, Ky., 334 S.W.2d 266, 79 A.L.R.2d 1 (1960). One requirement is that "the defendant must have had full management of the instrument which caused the injury." From the testimony of Lewis Simms and the proof concerning the position of the boys in the car after the wreck was there an inference or rebuttable presumption that Francis had "full management of" the automobile when it left the road?

Drahmann's Adm'x v. Brink's Adm'x, Ky., 290 S.W.2d 449 (1956) was a suit for recovery of damages due to the crash of an airplane. The issue was who was piloting the plane. We said: "To authorize submission of this case to the jury, it must be determined by the law in Kentucky that these facts warrant an inference or rebuttable presumption that Brink was the pilot at the time of the crash." In Lee v. Tucker, Ky., 365 S.W.2d 849 (1963) we wrote:

"It is not disputed that Mr. Tucker's ownership of the car and the evidence of his having been the last person seen driving it raised at least a 'permissible inference' that he was the operator at the time of the accident. Otherwise, of course, the defendant would have been entitled to a directed verdict on the plaintiff's claim."

■ We have held that proof "may be direct, presumptive or circumstantial, but legal proof, nevertheless, it must be." Blair Fork Coal Company v. Blankenship, Ky., 416 S.W.2d 716 (1967). The evidence in this case does not meet that test.

" 'A fact is not proved by circumstantial evidence if it is merely consistent with such fact * * * In other words, the circumstantial evidence must go far enough to induce a reasonable convic-

tion that the facts sought to be proved are true and must tend to eliminate other rational theories.' United Electrical Coal Companies v. Brown, Ky., 354 S.W.2d 502, 503 (1962)." Burgan v. Harrison, Ky., 413 S.W.2d 352 (1967).

Francis was not the owner of the car. There was no evidence that he had secured permission from the owner to use it or that he was driving either before or at the time the accident occurred. After the wreck he was found behind the steering wheel, but the Hamilton boy was between Francis and the door on the driver's side which is the usual position of the operator of a motor vehicle.

■ Under the test to be applied the proof, including the surrounding circumstances, does not "warrant an inference or rebuttable presumption that (Francis) was the (driver) at the time of the crash." Lee v. Tucker, supra. We hold that "a verdict founded wholly upon speculation and surmise cannot be sustained. * * * [T]he line between what is speculative proof and what is circumstantial or inferential proof is sometimes dim and uncertain." Beatrice Foods Company v. Chatham, Ky., 371 S.W. 2d 17 (1963). Here we have speculation. "[R]ecovery is not authorized if liability is a matter of conjecture, surmise or speculation." Bryan v. Gilpin, Ky., 282 S.W.2d 133 (1955). Luckett v. Adolphus Cleaners, Ky., 262 S.W.2d 191 (1953); Randall v. Shelton, Ky., 293 S.W.2d 559 (1956); Roberts v. Lowery, Ky., 379 S.W.2d 235 (1964); Highway Transport Co. v. Daniel Baker Co., Ky., 398 S.W.2d 501 (1966).

We conclude that the cases before us are "in the class * * * where the evidence presents no more than a possibility or a basis for conjecture that the accident was caused by the * * * negligence" of Francis Simms. Klingenfus v. Dunaway, Ky., 402 S.W.2d 844 (1966).

In Wadkins' Adm'x v. Chesapeake & Ohio Railway Company, Ky., 298 S.W.2d 7 (1957) we wrote:

"Since Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S.W.2d 877, the rule in this state is that when the evidence given at the trial, with all inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, but should direct a verdict for the defendant."

■ The proof was insufficient to support a verdict for plaintiffs, therefore, there was nothing to submit to the jury. Steely v. Hancock, Ky., 340 S.W.2d 467 (1960). The trial court should have sustained the defendants' motion for a directed verdict.

The judgment is affirmed.

All concur except OSBORNE, J., who dissents.

## DISSENTING OPINION

OSBORNE, Judge.

I must respectfully disagree with the majority opinion herein. The facts raise a strong presumption that Francis W. Simms was the driver of the car. The car was owned by his brother; and he was in the habit of using the car. After the wreck he was found behind the wheel. Of the other occupants, none were related to the owner; none had previously borrowed or used the car and they were all found scattered throughout the car at places other than in the driver's position. I believe most reasonable men would agree from these facts that Francis W. Simms should be presumed to have been the driver.

For these reasons, I dissent.