Charles ROBBINS, Appellant,

v.

Amanda SHEPHERD, Administratrix of Estate of Odell Shepherd, Deceased, Appellee.

Court of Appeals of Kentucky.

May 3, 1974.

Wix Unthank, Harlan, for appellant.

Jessie Horn, Hazard, C. A. Noble, Jr., Hazard, for appellee.

STEINFELD, Justice.

In September, 1970, Odell Shepherd was killed when a bulldozer he was operating went over a retaining wall. Appellee Amanda Shepherd, as administratrix of her husband's estate, brought an action for wrongful death against Julian Parrott, owner of the bulldozer, Scynus Parrott, owner of the property on which Odell was working when he was killed, and appellant Charles Robbins. The complaint alleged that Odell was an employee of the Parrotts and Robbins; that they knew of an unsafe condition on the premises where Odell was working, and that said condition caused the bulldozer to overturn. Among other defenses, the answer alleged that Odell was contributorily negligent.

On the first trial the court sustained motions made by the Parrotts for directed verdicts and declared a mistrial as to Robbins. A second trial, at which Robbins was the sole defendant, resulted in a judgment of $50,000 for appellee. Robbins appeals, claiming the trial court erred in denying his (1) motions for a directed verdict made at the close of appellee's evidence and again at the conclusion of all the evidence, and (2) motion for judgment n. o. v.

Robbins, whose services were engaged by the Parrotts, hired Odell to operate a bulldozer on land owned by Scynus and to spread, level and pack dirt thereon. A concrete-block retaining wall, approximately 30 yards long and nine to ten feet high, was located on this land, and at the base of the wall was the bank of a creek. Robbins testified that when the job was almost completed Odell asked him to operate the bulldozer while he (Odell) did something else; that when Odell returned he (Robbins) told Odell to load the bulldozer on a trailer, but instead of doing so Odell started to cross the lot with the bulldozer, and that he began chasing Odell and yelling for him to stop. Robbins further testified that as Odell drove near the wall, it gave way causing the bulldozer to go over it and overturn on Odell. Julian, the only other witness to the accident, testified that he saw Odell driving parallel to the wall and that he began to chase after Odell and to yell for him to stop.

There was evidence that the lot was a safe place to work with a bulldozer if the bulldozer was operated properly; that the safe and proper manner for operating heavy equipment near a ledge or precipice is in a vertical manner and never in a parallel manner; that Odell was an experienced heavy equipment operator; that an operator of such equipment would know the proper way to use such equipment in the circumstances Odell faced; that Odell knew of the existence of the wall and was familiar with its placement; and that Odell had been warned two or three hours before the accident that the wall had begun to give way.

The case was submitted to the jury with instructions on the duty of Robbins to furnish his employee with a safe place to work and on Odell's duty to use ordinary care for his own safety.

This court has stated that KRS 338.030,[1] the safe-place-of-employment statute, " * * * does not make the employer or any one else an insurer." Simmons v. Clark Construction Company, Ky., 426 S.W.2d 930 (1968). In Ruble v. Stone, Ky., 430 S.W.2d 140 (1968), we said:

" * * * the law in this state is that when work-connected dangers are ob-

---

1. KRS 338.030 was repealed by Acts 1972, Ch. 251, Sec. 22.

vious and the employee voluntarily performs the task 'and where there is no showing of negligence on the part of the master the servant may not recover for an injury he sustains.' "

See Crush v. Kaelin, Ky., 419 S.W.2d 142 (1967).

■ The record discloses no evidence of negligence on the part of Robbins, and that the failure of Odell to use "ordinary care for his own safety" was a substantial factor in causing his death.

This court held in Donahue v. Simms, Ky., 419 S.W.2d 154 (1967), that where "the proof (is) insufficient to support a verdict for plaintiffs, * * *, there (is) nothing to submit to the jury." It is our opinion that the trial court should have sustained Robbins' motions for a directed verdict and, not having done so, his motion for judgment n. o. v. should have been sustained. Lynn Mining Co. v. Kelly, Ky., 394 S.W.2d 755 (1965).

The judgment is reversed with directions that judgment n. o. v. be entered.

All concur.