## City of Hazard v. Adkins.

(Decided March 20, 1936).

JOHN E. CAMPBELL for appellant.

W. W. REEVES for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

The city of Hazard appeals from a judgment awarding Lucy Orem Adkins $750 damages for injury to her property, caused by the construction of a bridge above the level of the street adjoining the property.

The facts are: The corporate limits of Hazard, a city of the fourth class, are on both sides of the north of the Kentucky river. State highway No. 15, leading from Winchester to Whitesburg and beyond, passes through Hazard along Main street in the east end of the city. The east end lies in the bend of the river and is known as Big Bottom. A portion of Big Bottom known as the Floyd H. Baker addition was subdivided and sold in the years 1921, 1922, 1923 and 1924. Lucy Orem Adkins purchased her house and lot in 1922. The lot faces Maple avenue and the river on the south, and is bounded on the east by Miller avenue, which extends from its intersection with Maple avenue to its

intersection with Main street, which is highway No. 15. The length of Miller avenue between the two points is approximately 140 feet. The Adkins lot is reached by traveling Main street to Miller avenue, and then south on Miller avenue. The floor level of the house, a six-room frame bungalow, is slightly above the grade of Miller avenue. In July, 1924, a bridge was built across the river from Miller avenue. The bridge was on the natural grade laid out on the plat of the Floyd H. Baker addition, and the landing of the bridge on each side of the river was on property owned by the promoters of the subdivision. The bridge was practically on a level with Mrs. Adkins' property, and almost on a level with Miller avenue that ran to the bridge. The bridge and the street remained in the same condition until May 30, 1927, when the bridge was washed away in the great flood of that year. During the years 1933 and 1934 a new bridge was constructed across the river by the State Highway Commission, and the bridge was financed by the Federal Government, the state highway commission and Perry county. The only part that the city appears to have taken was to convey two small strips of land for the purpose of widening Miller avenue, and pay for the recording of the deeds. The bridge was constructed a few feet higher than the original bridge, and in order to reach the bridge from the highway it was necessary to construct an approach fill on Miller avenue alongside of Mrs. Adkins' property, several feet higher than the level of the natural ground. The fill made it practically impossible to reach the Adkins' property by automobile or other vehicle, and materially diminished the market value of the property.

The city insists that it is not liable under the facts pleaded or proved, and that both its demurrer to the petition and its motion for a peremptory instruction should have been sustained. In the recent case of City of Ashland v. Queen, 254 Ky. 329, 71 S. W. (2d) 650, the facts were: A viaduct about 30 feet wide was constructed in the center of one of the streets of Ashland. Of the cost the Chesapeake & Ohio Railway Company agreed to pay $125,000, the American Rolling Mill Company $10,000, Boyd county, $25,000, and the city of Ashland $25,000. Queen's property was in-

jured by the construction of the viaduct, and it was held that the improvement was a joint undertaking, and both the county and city were liable for the resulting damages. No reason is perceived why the doctrine there announced should not apply to the case under consideration. While the city did not contribute as much as the city of Ashland did, it did contribute a part of the right of way for the bridge, and suffered and permitted the bridge to be constructed in and almost to close that part of the street adjoining appellee's property. In the circumstances, the city was an active participant in the taking of appellee's property, and there can be no doubt as to its liability.

Another contention is that the court should have instructed the jury to find for the defendant if they believed from the evidence that the grade established by the state highway commission on Miller avenue to the bridge was the original grade of Miller avenue, and there had never theretofore been any grade established thereon. Concerning this contention, we need go no further than to say that no such instruction was offered, and the failure to instruct on a particular subject is not error in the absence of a request. Helge v. Babey, 228 Ky. 197, 14 S. W. (2d) 757; Corlew's Adm'r v. Young, 216 Ky. 237, 287 S. W. 706.

Judgment affirmed.