## Louisville & N. R. Co. v. Browning.

Feb. 20, 1942.

H. T. Lively, C. S. Landrum, and Chris Wilson for appellant.

H. B. Best for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

This appeal is from a judgment for $500 in favor of appellee following a jury verdict on the second trial. On the first trial a verdict was directed for appellant at the close of appellee's evidence and judgment was entered thereon. On appellee's motion a new trial was granted and the verdict and judgment set aside over appellant's objection. Appellant filed its bill of exceptions, including the transcript of evidence heard on the first trial. On the day the jury returned its verdict on the second trial, appellant moved to set aside that verdict and substitute therefor the first verdict. It also filed motion and grounds for a new trial, which was overruled and an appeal was granted. Appellant, on this appeal, files its bill of exceptions and transcript of evidence on the first trial alone, this being the approved practice as indicated in City of Madisonville v. Nisbit, 239 Ky. 366, 39 S. W. (2d) 690; Mott v. Wellman, 232 Ky. 594, 24 S. W. (2d) 311, and cases cited therein.

The facts revealed by the evidence are substantially as follows: The appellant owned a number of section houses at Falmouth which were furnished by it to its employees and servants without rent charge. Some of the employees who worked on the section occupied these houses and some did not. It was optional with them whether they would do so. J. L. Piercefield, an employee, occupied one of the houses for his own convenience and not the convenience of the railroad company. He had been occupying the house for approximately eighteen years. The railroad exercised no control over the house and Piercefield paid no rent. At the front of the house there was a small porch. The floor of the porch was about one foot above the ground and was the ordinary and usual board floor found in such porches.

The appellee is a mail carrier and as such regularly delivered mail to Piercefield's house. On the occasion in controversy he stepped up on the porch while delivering mail to the house. One of the boards in the porch floor broke and appellee's leg went into the hole, causing him to fall and hurt his leg and back. The only evidence as to the condition of the porch floor was contained in the testimony of the appellee. From this testimony it appears that the underneath part of the board which broke was rotten but there was nothing which could be ascertained by an ordinary inspection to indicate that the board was defective. Appellee, in his regular visits to

deliver mail, had noticed nothing wrong about the porch floor and it presented no appearance of decay or unsoundness.

Much argument is indulged in in the briefs as to whether the relation of landlord and tenant existed between appellant and Piercefield such as would relieve appellant of the duty of making repairs. It is appellant's theory that this relation did exist and that consequently it owed no duty either to Piercefield or to appellee to keep the porch in repair, while it is appellee's theory that the relation between appellant and Piercefield was merely that of master and servant so that appellant was charged with this duty. We find it unnecessary to decide this question, since it is our conclusion that even though it be assumed that appellee was an invitee in delivering mail to the house and that some duty rested upon appellant in respect to the safety of the premises, nevertheless the evidence fails to establish any actionable negligence as a result of failing to perform that duty.

The obligation of one burdened with a duty in respect to the safety of premises is not that of an insurer, but only that of exercising ordinary care to maintain the premises in a reasonably safe condition. Black Star Coal Co. v. Garland, 235 Ky. 204, 30 S. W. (2d) 900; Nash v. Searcy, 256 Ky. 234, 75 S. W. (2d) 1052; Bridgford v. Stewart Dry Goods Co., 191 Ky. 557, 231 S. W. 22. And, in an action by an invitee for injuries sustained as a result of a defect in premises, the plaintiff must allege and prove that the defendant knew, or by the exercise of ordinary care could have known, of the defect complained of. Kroger Grocery & Baking Co. v. Spillman, 279 Ky. 366, 130 S. W. (2d) 786. The defect in the board which broke and caused appellee's injury was not one that could have been discovered by the exercise of ordinary care. The porch floor was sound to all outward appearance. The appellee, who used the porch constantly, had never discovered anything to indicate that the board which broke was unsound or that the floor was in a dangerous or unsafe condition. The only way the defect could have been discovered would have been by a practical destruction of the porch floor, since the floor was only about one foot high. Conceding, arguendo, that inspection of the floor was necessary, we think it is apparent that ordinary care did not impose on appellant the duty to carry such inspection to the point it

would have been necessary to do so in order to reveal the hidden defect. To hold that appellant was liable in the circumstances here revealed would, in effect, impose on it the obligation of an insurer. Under the authorities cited no such obligation exists. Appellee failed to prove that appellant knew, or by the exercise of ordinary care could have known, of the defective condition. It was essential that he should do so.

Judgment reversed with directions to enter a judgment for appellant pursuant to the first verdict.