## Murphy v. Harmon.
## Same v. Goodwin.

Oct. 9, 1942.

H. C. Gillis for appellant.

R. L. Pope and C. B. Upton for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Motion overruled and judgments affirmed.

These two cases grow out of the same automobile accident wherein the plaintiffs, Mrs. Susie Harmon and Mrs. Lena Goodwin, the mother-in-law and aunt by marriage, respectively, of the defendant, Eugene T. Murphy, suffered severe personal injuries when defendant's car in which they were riding as his guests overturned. The pleadings are practically identical and by agreement the cases were consolidated below for trial.

This appeal is from judgments of $1,000 each in favor of the plaintiffs entered on verdicts returned on the second trial. The first trial resulted in the jury finding for defendant, which verdicts were set aside on plaintiffs' motion for a new trial. Defendant excepted to the order granting a new trial and was given until the 25th day of the next term to file his bill of exceptions. On the day following the verdicts on the second trial, defendant filed motion and grounds for a new trial in which he asked the court to set aside the second verdicts and substitute therefor the first verdicts. This motion was overruled and an appeal was granted from the order overrul-

ing it as well as from the order sustaining the first motion for a new trial. Defendant is here with his bill of exceptions and brings up only the transcript of the evidence heard on the first trial.

Plaintiffs' motion to dismiss the appeal was bottomed on the ground that the order granting the new trial is not a final order, hence no appeal can be taken therefrom. But we have written that although an immediate appeal cannot be taken from an order granting a new trial, the right of appeal is merely held in abeyance pending a second trial and final disposition of the case. Northcutt v. Nicholson, 246 Ky. 641, 55 S. W. (2d) 659; Whallen's Ex'rs v. Moore, 248 Ky. 348, 58 S. W. 601. Defendant followed the correct procedure in appealing from the final order overruling his motion for a new trial and by bringing up the record of the first trial.

Plaintiffs are wrong in their position that this court cannot consider defendant's appeal because he did not bring up the record on the second trial as well as the first. Defendant seeks only to reinstate the first verdicts, and the sole question before us is whether or not the trial court abused its discretion in setting them aside. To pass on that we need only to have the first record before us. City of Madisonville v. Nisbit, 239 Ky. 366, 39 S. W. (2d) 690; Louisville & N. R. Co. v. Browning, 290 Ky. 334, 160 S. W. (2d) 612. Plaintiffs' motion to dismiss the appeal is not well taken and is overruled.

The petitions allege specific negligence in that defendant was driving his car at the time of the accident more than 50 miles per hour on a loose gravel road. The proof shows the car was making between 45 and 50 miles per hour on a road of loose, heavy gravel. After some six or eight miles of such traveling the right front tire had a complete blowout in a slight curve causing the car to overturn, which resulted in serious bodily injuries to the plaintiffs. Defendant's wife testified that the tire which blew out was a used one and had been given to her in June, 1939. She gave it to her husband in February, 1940, who did not use it until it was put on his car in June or July following. He drove this tire 800 or 1,000 miles a month from that time until the accident happened on Oct. 12, 1940. There were no allegations or proof that defendant knew the tire was defective.

On motion of plaintiffs the court instructed the jury

it was defendant's duty to operate his car at a reasonable rate of speed and to use ordinary care in its operation and to have it under reasonable control; and if he negligently failed to do so and plaintiffs were injured as a proximate result thereof, the verdict should be in their favor. Appropriate instructions defined "ordinary care" and "negligence" and gave the measure of damages. At the request of defendant and over plaintiffs' objection, the court gave instruction A which reads:

> "If you believe from the evidence that the accident resulted from some defect in the tire which caused the blow out, you will find for the defendant, E. T. Murphy."

Instruction A is erroneous because: 1, There was no evidence upon which to predicate it; 2, it excused defendant from liability for the accident regardless of the rate of speed he might have been driving in the event a defect in the tire caused the blow out. The only evidence introduced relative to this tire was the testimony of defendant's wife, to which reference has just been made. Such testimony does not even tend to prove the tire was defective. The instructions must be confined to the issues made by the pleadings which are supported by the evidence. Stanley's Instructions to Juries, Sec. 18, p. 28; Nehi Bottling Co. v. Flannery, 264 Ky. 68, 94 S. W. (2d) 297; Lemming's Adm'r v. Leachman, 268 Ky. 781, 105 S. W. (2d) 1043. As to the error in this instruction by reason of omitting all reference to speed, it is sufficient to say that it is almost common knowledge that a blow out at a reasonable rate of speed will not cause a car to overturn, while at a high speed it is likely to result in a wreck.

Defendant argues that instruction A is in conformity with one approved in Helton v. Prater's Adm'r, 272 Ky. 574, 114 S. W. (2d) 1120, and that it was correct as far as it went and had plaintiffs desired that it be extended, it was their duty to offer such extension, citing Helge v. Babey, 228 Ky. 197, 15 S. W. (2d) 757. But the facts in the Helton case clearly distinguish it from the instant one. There, a half ton truck overturned and some testimony was introduced that the accident was caused by one of its wheels locking, and we held that the trial court should have given defendant's offered instruction to the effect that if there were a defect in the truck unknown to him which caused the wheel to lock,

the law was for the defendant. The Helge case refers to the rule in Louisville, H. & St. L. Ry. Co. v. Roberts, 144 Ky. 820, 139 S. W. 1073, to the effect that in civil cases the circuit court need not instruct on the whole law of the case, but if he undertakes upon his own motion or upon the request of either party to instruct on certain issues, then he must correctly instruct on them; and if an erroneous instruction is given which prejudices the complaining party, it is reversible error.

As just stated, the instructions given by the court sua sponte, or by request, need only be correct as far as they go; and if either party desires additional instructions, he must request them. City of Hazard 'v. Adkins, 263 Ky. 398, 92 S. W. (2d) 353; Mattingly v. Meuter, 275 Ky. 294, 121 S. W. (2d) 676. But we are aware of no rule of law requiring the party excepting to an instruction to offer one which supplies a fatal omission from the instruction tendered by his adversary. Should a party offer an erroneous instruction upon a proper issue, it is the duty of the court and not the excepting party to prepare a correct instruction in lieu of the defective one. Stanley's Instructions to Juries, Section 18, p. 19; Prudential Ins. of America v. Sisson, 276 Ky. 506, 124 S. W. (2d) 739.

Instruction A was not only erroneous but highly prejudicial to plaintiffs, inasmuch as it told the jury in effect there could be no recovery irrespective of the rate of speed defendant was driving should the jury believe the accident resulted from some defect in the tire which caused the blowout, regardless of whether defendant knew the tire was defective.

On account of this erroneous instruction the trial judge correctly set aside the verdicts on the first trial in favor of defendant and granted plaintiffs a new trial. It is not necessary to pass upon the competency of the testimony of the three expert witnesses offered by plaintiffs relative to whether or not the car was being operated at a dangerous rate of speed on a loose gravel road, since the verdicts were for the defendant on the first trial and he could not have been prejudiced by such testimony. There being no other question before us on this appeal, the judgment is affirmed.

Judgment affirmed.