Mrs. B. J. (Mary) EDWARDS, Appellant,

v.

James JOHNSON, Appellee.

Court of Appeals of Kentucky.

Nov. 1, 1957.

John W. Walker, Irvine, Herschel M. Sutton, Corbin, for appellant.

H. M. Shumate, Irvine, for appellee.

SIMS, Judge.

Appellee, James Johnson, recovered judgment of $5,000 damages against appellant, Mrs. Edwards, for personal injuries sustained by reason of her alleged negligence in maintaining some defective steps which fell with him while he was repairing water pipes in a basement of a building owned by appellant. On this appeal it is insisted the court erred in overruling appellant's motion for a directed verdict and in failing to give certain instructions offered by her.

The answer denied negligence on the part of Mrs. Edwards in maintaining the steps and pleaded the accident was caused by the sole negligence of appellee and also pleaded contributory negligence on his part.

The building in question was located in the town of Ravenna and was in charge of Mrs. Frank Thompson, the real estate agent of appellant. Under appellant's building was a basement which was not in use and

appellant attempted to keep nailed up the door at the head of the concrete steps leading into the basement to keep out intruding boys. Water pipes in the basement of appellant's building had frozen and bursted and Mrs. Thompson called a plumbing firm in which appellee was a partner to cut off the water as she testified, but to repair the broken pipes as Jess Johnson testified. Neither Mrs. Edwards, who had owned the building since 1948, nor Mrs. Thompson, had ever been in this basement.

On the occasion of appellee's accident the door was held closed by a single nail which was driven in only a short distance and then bent. The record does not show whether the basement was lighted, but it does show the accident occurred about 4:30 in the afternoon of December 17, 1955; it was dark in the basement and appellee used a flashlight.

There was debris on the basement floor. While the record is not clear, it seems that the basement consisted of two rooms on different levels. One small room was 6 by 12 feet, the floor of which was 3 feet 5 inches above the floor of a larger room. There were several steps leading from the larger room to an open doorway into the small room; in the latter were located the water pipes being repaired. These steps were not anchored or attached to the wall or to the floor, but merely rested on the floor and leaned against the wall at the open doorway of the small room.

Appellee's brother and partner in business, Jess Johnson, first went to the building alone and in testifying as to the steps in the basement connecting the two rooms stated, "I went down the steps and back a couple of times. The steps looked fairly well. I didn't think they were dangerous." Jess could not make the repairs unassisted and returned to the shop and got appellee. After returning to the basement and while Jess was on a ladder in the small room, appellant was on the second step from the top of the steps connecting the two rooms. Appellant stretched his arm out as far as he could reach to hand Jess a hack saw and the steps which were not anchored to the wall or to the floor slipped, causing him to fall and resulting in breaking his right arm at the wrist and his right leg at the ankle.

Appellee was 53 years of age at the time of the accident, had been a plumber since 1920 and testified he was an experienced plumber and had been in many basements. His brother, Jess, preceded appellee up the steps and had been up and down them several times. Appellee testified he did not look at the steps before he got on them and a moment later testified concerning the steps, "Yes, they looked all right." Appellee further testified, "There was a lot of stuff down in there (basement). You couldn't tell whether there was much water in there. There wasn't too much water I don't guess. Of course, it was wet all around and I didn't pay too much attention."

As appellee testified neither Mrs. Edwards nor Mrs. Thompson told him "what to do or how to do it," it is apparent the relationship of master and servant did not exist between appellant and appellee, but he was an independent contractor since he was to do the work according to his own method and without being subject to the control of his employer except as to the result of his work. 27 Am.Jur. "Independent Contractors" § 2, p. 481. See Sam Horne Motor & Implement Co. v. Gregg, Ky., 279 S.W.2d 755, for the nine most significant facts to be considered in determining whether one acting for another is an independent contractor or a servant. It is written in 27 Am.Jur. "Independent Contractors" § 17, at page 499, that plumbers who are answerable only for the result of their work are generally regarded as independent contractors. Both sides here agree that where there is no dispute as to the terms of an oral contract, or if only one inference can be drawn from the evidence, the question of the relationship between the parties is one for the court. This is the rule as stated in 27 Am.Jur. "Independent Contractors" § 60, p. 539.

We have no difficulty in determining that appellee was acting as an independent contractor, therefore appellant owed no duty to furnish him a safe place to work. Our real question in this case is to decide what duty appellant owed appellee while as an independent contractor he was working on water pipes in a dark, wet basement strewn with debris where the two rooms were connected by steps 3 feet 5 inches high. Since appellee was an independent contractor he was an invitee on appellant's premises and the general rule is the owner of the premises is not an insurer of the invitee's safety but owes him the duty to have the premises in a reasonably safe condition. The owner must use ordinary care to see that her invitee is not led into a trap or dangerous condition known or which ought to have been known to her but hidden from the invitee, or so concealed that he could not observe it by exercising ordinary care for his own safety. Hotel Operating Co. v. Saunders' Adm'r, 283 Ky. 345, 141 S.W.2d 260; Young's Adm'r v. Farmers & Depositors Bank, 267 Ky. 845, 103 S.W.2d 667, 669; Owens v. Clary, 256 Ky. 44, 75 S.W.2d 536; 27 Am.Jur. "Independent Contractors" § 30, p. 510; Prosser on Torts (2d Ed.) p. 459; Restatement of the Law of Torts, § 365, p. 991.

We conclude the court properly overruled appellant's motion for a directed verdict and correctly submitted to the jury in the first instruction the question of whether or not appellant was negligent in maintaining these defective steps in her basement. As stated at the outset of this opinion, the answer contained a plea of contributory negligence and appellant offered instruction S–8, which the court refused to give, wherein she attempted to set out appellee's duties for his own safety. This offered instruction was not correct, but it called to the court's attention that appellant was entitled to an instruction covering appellee's duties and placed upon the court the duty of giving a correct instruction. Stanley's Instruction to Juries, § 13, p. 19; Louisville, H. & St. L. R. Co. v. Roberts, 144 Ky. 820, 139 S.W. 1073; Murphy v. Harmon, 291 Ky. 504, 165 S.W.2d 11.

Patently, these steps were for use in going from one room to another in the basement and if appellee put them to a use for which they were not intended by standing on them and stretching his arm as far as he could in handing a tool to his brother and if such use caused them to fall, then he cannot recover from appellant. Louisville & N. R. Co. v. Parsons, 213 Ky. 432, 281 S.W. 519; Kentucky Wagon Mfg. Co. v. Gossett, 142 Ky. 842, 135 S.W. 394. The instruction setting out appellee's duties for his own safety should incorporate the idea of whether or not he used the steps for a purpose other than for which they were intended.

Upon another trial of the case the court will substantially instruct it was the duty of appellee not to use the steps for a purpose other than which they were intended and to exercise that degree of care for his own safety which an ordinarily prudent plumber under the same or similar circumstances to those proven in this case would exercise in using these steps; and if the jury believe from the evidence appellee failed to exercise ordinary care for his own safety, and by reason of such failure, if any, he caused or contributed to the accident, the jury should find for appellant. We suggest this instruction should be numbered "two" so as to immediately follow the instruction setting out appellant's duty to appellee.

The judgment is reversed for proceedings consistent with this opinion.