Mack **COLLINS**, Petitioner,

v.

Courtney C. **WELLS**, Respondent.

Court of Appeals of Kentucky.
June 20, 1958.

Duff Arnett, Hazard, for petitioner.

Courtney C. Wells, Hazard, pro se, respondent.

STANLEY, Commissioner.

The petitioner, Mack Collins, seeks an order prohibiting Honorable Courtney Wells, Judge of the Letcher Circuit Court, from presiding at a trial of a damage suit in which Collins is the defendant.

The first trial of the case resulted in a verdict for the plaintiff for $465, which covered only medical and hospital expenses, and the court set it aside. The second trial resulted in a verdict for $4,000. The judgment was reversed. Collins v. Sparks, Ky., 310 S.W.2d 45. Before the third trial Collins filed a motion that Judge Wells vacate the bench. The grounds of the motion were to the effect that Judge Wells had discussed the case with the mother of the person killed in an automobile wreck and that Judge Wells was so solicitous and favorably concerned about the plaintiff's cause he could not fairly and justly sit in the case. The motion to vacate was overruled with a statement by the court that the charges in it were scurrilous and contemptuous. On the ensuing third trial the verdict was for $467 for the plaintiff. The defendant presented a consistent judgment to be entered and the court endorsed it "tendered and offered."

The petition for an order prohibiting Judge Wells from taking any further proceeding in the case was immediately filed in this court. The substance of the petition is that "the verdict seemed to enrage the trial judge" and he had upbraided an unnamed juror for the verdict and had said that he would set aside the verdict because it was not large enough. The petition is not verified. Nor is it supported by affidavits or other evidence of the facts and conclusions alleged. It is charged that the judge will keep on ordering new trials until the plaintiff receives a verdict that suits him. Most of the allegations of the petition are but conclusions and, in effect, attack the integrity of the court.

Judge Wells' answer is a justification of his rulings and conduct and a vigorous denial of the charges. Affidavits are filed in support thereof. It is shown that a motion for a new trial has been filed and is pending.

Of course the circuit court has jurisdiction in the case. The grounds upon which prohibition are sought are (1) there can be no appeal from an order setting aside the third or any other verdict and granting the plaintiff a new trial, hence, there is no adequate remedy for an erroneous order; and (2) Judge Wells will continue to set aside verdicts and retry the case until a verdict is returned which is suitable to his personal desire.

These grounds are not substantial. While there may not be an appeal from an order setting aside a verdict and directing a new trial, since such an order is interlocutory, the right of appeal may be

preserved and held in abeyance pending a subsequent trial or final disposition of the case. Where the record of a previous trial has been preserved, the record will be reviewed on an appeal from the final judgment, and if found to be sustainable, the latter judgment may be reversed with directions to enter a judgment on the former verdict. North American Refractories Co. v. Day, 284 Ky. 458, 145 S.W.2d 75; Murphy v. Harmon, 291 Ky. 504, 165 S.W.2d 11. See Clay, CR (Supplement) 59.01. The second ground is merely a supposition.

We, therefore, deny the order sought and dismiss the petition.