**Bill FRYAR and the City of Eddyville, Kentucky, Appellants,**

v.

**James N. STOVALL et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 7, 1973.

Rehearing Denied Feb. 15, 1974.

Chappell Wilson, Cadiz, B. M. Westberry, Marion, William R. Young, Eddyville, for appellants.

J. Gordon Lisanby, Princeton, Burton R. Aldridge, Cadiz, George Effinger, Paducah, for appellees.

STEPHENSON, Justice.

A Trigg Circuit Court jury returned a verdict for personal injuries against Bill Fryar and the City of Eddyville, Kentucky. Bill Fryar and the City of Eddyville appeal.

After a baccalaureate service at a local school, traffic congested at the intersection of a four-lane highway with Fairview Avenue in the City of Eddyville. Bill Fryar, a policeman of the City of Eddyville, proceeded to the intersection to direct traffic. An automobile driven by James Stovall, occupied by his wife Ruth and his daughter Virginia as passengers, was struck by a car as the Stovall car crossed the southbound lanes and entered the northbound lanes of the highway. On the first trial of the case, the jury could not agree. The second trial of the case resulted in a jury verdict for James, Ruth, and Virginia against Fryar and the City of Eddyville. The trial court granted a new trial concluding that the instructions were erroneous. On the

third trial of the case, the jury returned a verdict for Ruth and Virginia against Fryar and the City of Eddyville and also found James negligent, denying recovery to him.

After leaving the ceremonies at the school, Stovall proceeded down Fairview Avenue to the intersection of the four-lane highway. It was a clear night. There was no traffic light, only a "stop sign" at the intersection. At this intersection, there were two driving lanes and a "turning" lane on each side of the highway with a grass median constituting approximately a thirty-foot width between the driving lanes. Fryar drove his police cruiser out onto the median at the intersection with the "flashing lights" on, got out of the cruiser and stopped the southbound traffic on the highway. Then according to the testimony of the driver of the car immediately in front of the Stovalls, Fryar, using a "baton type" flashlight with a red light, waved him across the southbound lanes into the northbound lanes. He further testified that as he proceeded across the southbound lanes, he saw a car approaching in the northbound lanes but by speeding up avoided colliding with the approaching car, which struck the Stovall car just behind him.

James Stovall testified that he observed Fryar stopping the southbound traffic and with the use of his baton type light signalling the car in front of him across the intersection into the northbound lanes. Then, according to James Stovall, Fryar continued to wave his baton light signalling Stovall to follow across the southbound lanes into the northbound lanes. He testified that his attention was on Fryar and he did not see the car which collided with him approaching in the northbound lanes.

Fryar testified that he stopped traffic in the southbound lanes; that before he could turn to direct the traffic from Fairview Avenue out onto the highway into the southbound lanes, the car in front of the Stovall car proceeded out into the highway and across into the northbound lanes; that he saw the car approaching in the northbound lanes and attempted to stop the Stovall car from entering the northbound lanes by signalling with his baton light and calling to Stovall; that the intersection was known to be dangerous; that one officer could not direct traffic in both the south and northbound lanes; that his intention was only to direct the traffic from Fairview Avenue into the southbound lanes; and that as for the traffic crossing into the northbound lanes, "they were on their own." He denied directing either the Stovall car or the car in front of Stovall across the southbound lanes into the northbound lanes.

Bill Fryar and the City of Eddyville argue that the direction of traffic is a governmental function, which should carry immunity from tort liability.

The answer to this argument lies in the language contained in City of Louisville v. Louisville Seed Company, Ky., 433 S.W.2d 638, 643 (1969):

" * * * [W]hen the city, by its dealings or activities, seeks out or separates the individual from the general public and deals with him on an individual basis, as any other person might do, it then should be subjected to the same rules of tort liability as are generally applied between individuals."

We have precisely that situation here, and we adhere to the rule laid down in City of Louisville, supra.

Bill Fryar and the City of Eddyville argue error in the instructions and that they were entitled to a directed verdict.

There was a conflict in the evidence as to the actions of Fryar in directing James Stovall which presented a jury issue as to negligence, and we conclude that the instructions were proper.

Fryar and the City of Eddyville assert that the trial court erred in declining to give an instruction on contribution.

James, Ruth, and Virginia filed separate suits against Fryar and the City of Eddyville. In their separate actions, Ruth and Virginia joined James as a party defendant. Fryar and the City of Eddyville entered a plea of contributory negligence in answer to James' suit and in answer to the suits of Ruth and Virginia cross-claimed against James (CR 13.07) alleging negligence on James' part, asking for contribution.

Prior to the first trial on motion of Ruth and Virginia, James was dismissed as a party defendant. The trial court then consolidated the cases for trial.

All the elements are present here to establish a right of contribution pursuant to KRS 412.030. Fryar and the City of Eddyville by filing their cross-claims against James established their claim insofar as the pleadings are concerned. The subsequent dismissal of James as a party defendant did not operate to defeat this claim in the trial of the case and was not erroneous since he remained as a party plaintiff. The issues were presented to the jury; and since the jury found that negligence on James' part contributed to the accident, everything essential was established to authorize a judgment fixing the right of contribution.

In Edester v. Heady, Ky., 364 S.W.2d 811 (1963), we approved a procedure where the trial court ordered a counterclaim asking contribution against Mr. Edester to be considered as a third-party complaint against Mr. Edester on Mrs. Edester's claim against the defendants. The result procedurally would be the same as that if the trial court had severed the claims and permitted a third-party complaint to be filed as provided by CR 14.01. The rationale is that where contribution is pleaded and the party against whom contribution is asked, whether he be plaintiff or defendant, is present and the issue as to the negligence of both parties is presented to the jury, the jury verdict establishes whether or not there is a right of contribution.

We conclude that the error of the trial court as to the proposition of contribution was not in declining to give the proposed instruction, but in failing to adjudicate the right of contribution in the judgment entered after the verdict of the jury. Parker v. Redden, Ky., 421 S.W.2d 586 (1967), provides the complete answer to this problem. There Parker's third-party complaint for contribution against Mrs. Melton was dismissed, and this court stated at page 596:

"* * * Accordingly, the complete basis for liability of Mrs. Melton (concurrently with Parker) to Redden has been established. Of course Redden did not sue Mrs. Melton, and of course the jury has not specifically found that Mrs. Melton is liable to Redden, which liability is a condition of recovery of contribution from her. See Employers Mut. Liability Ins. Co. of Wis. v. Griffin Construction Co., Ky., 280 S.W.2d 179, 53 A.L.R.2d 967; Lexington Country Club v. Stevenson, Ky., 390 S.W.2d 137. It seems to us, however, that where, as here, the jury has found all of the facts essential to liability of the person against whom contribution is sought, and a specific finding of such liability would have been a mere formality, the court should be empowered to adjudicate liability for contribution (present the necessary pleadings and absent only the formal jury finding). As a matter of fact, trial complications might well be avoided in a case such as this one, where the plaintiff is seeking recovery from only one defendant but he has brought in another party and they have asserted cross-claims for damages against each other, if the trial court would reserve the question of contribution as a matter of law to be determined by the court after the verdict is in.

"It is our conclusion on the contribution question that the trial court erred in dismissing the third-party complaint in which contribution was sought, and that under the circumstances the court should have entered judgment *declaring* Parker's right to contribution from Mrs. Melton. We are reversing the judgment on Parker's appeal to that extent, with directions that judgment be entered declaring the right to contribution. In this connection we should mention that a strong argument has been made that a claim for contribution cannot be asserted or adjudicated until the party seeking contribution has *paid* the common liability. That argument was rejected by this court a few weeks ago, in Jackson-Church Division, York-Shipley, Inc. v. Miller, Ky., 414 S.W.2d 893 (decided May 5, 1967) and that decision prevails. We see no reason why an adjudication of *liability,* similar to a declaration of rights, cannot be made before the right has fully matured through payment. Of course the judgment should be that the party claiming contribution is entitled to recovery of any sums that may be *paid* by him in excess of his pro rata share of the liability. (Any dispute thereafter arising as to whether a claimed payment actually was made could be disposed of in supplementary proceedings.)"

Here there is no necessity for a new trial, only a revision of the judgment adjudicating Fryar's and the City of Eddyville's right of contribution from James Stovall.

Finally the Stovalls assert that the trial court erred in granting a new trial and argue that the judgment entered after the second trial should be substituted for the judgment entered after the third trial.

■  The action of the trial court in granting a new trial was adverse to the Stovalls. The order was interlocutory; no appeal could be taken from the order until a final judgment was entered. It was incumbent upon the Stovalls to appeal from the final judgment here by cross-appeal, if they were dissatisfied. This is the plain import of CR 59.01. Clay, CR 59.01, Comment 5 states:

"If the motion [for new trial] is *granted* the order is likewise reviewable, except that it would be part of the record on an appeal taken from the *new judgment entered after the new trial.*

Likewise, Collins v. Wells, Ky., 314 S.W.2d 572, 573 (1958) states:

"While there may not be an appeal from an order setting aside a verdict and directing a new trial, since such an order is interlocutory, the right of appeal may be preserved and held in abeyance pending a subsequent trial or final disposition of the case. Where the record of a previous trial has been *preserved,* the record will be reviewed on an appeal from the final judgment, and if found to be sustainable, the latter judgment may be reversed with directions to enter a judgment on the former verdict." [Emphasis ours]

Since they failed to cross-appeal from the *final* judgment, their assertion cannot be reviewed.

Secondly, the transcript of evidence of the second trial was not included in this appeal; so, we could not in any event review the propriety of the trial court's action in granting a new trial upon its conclusion of error in the instructions on the second trial.

Instructions are based upon the evidence adduced at the trial, and we could not assume that the evidence on the third trial was exactly the same as the evidence on the second trial. The record of the second trial was not *preserved* as contemplated in Collins v. Wells, supra.

The judgment is affirmed in part and reversed only to the extent of entry of a

judgment adjudicating the right of contribution.

PALMORE, C. J., and JONES, MILLIKEN, OSBORNE, REED, STEINFELD, and STEPHENSON, JJ., sitting.

All concur.