FRANKFORT VARIETY, INC., et al., Appellants.

v.

CITY OF FRANKFORT, Kentucky, Appellee.

Supreme Court of Kentucky.

June 10, 1977.

John C. McCord, William P. Swain, Thomas Watson, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellants.

William Young, Young & Williams, Allen Prewitt, Jr., Frankfort, for appellee.

STERNBERG, Justice.

This is an appeal from a judgment of the Franklin Circuit Court which granted the City of Frankfort freedom from liability by reason of the cloak of sovereign immunity.

A fire started on the premises in which the variety store was being operated, which is within the city limits of Frankfort. The fire occurred about 9:00 p. m. on April 14, 1973. The Frankfort Fire Department responded and extinguished the fire by midnight; however, the firemen continued to hose down the fire until about 2:30 a. m. the following morning. Upon their departure, the firemen requested the policemen, who were assisting at the scene of the fire, to watch out for vandalism and a rekindling of the fire. About 8:30 a. m. on the day following the initial fire, it again began burning and the firemen were called back to the scene, where it was extinguished by noon.

Frankfort Variety, Inc., and the intervenors, who are the owners of the premises, charged that the firemen so negligently and carelessly failed to sufficiently and adequately protect their premises from fire and so negligently handled and operated the fire fighting equipment that they were damaged in a total sum in excess of $300,-000.

On appeal to this court three issues are presented, as follows:

"1. Whether the doctrine of municipal immunity as announced in *City of Louisville v. Louisville Seed Company*, should be abolished?

2. Whether the allegations contained in the complaints filed in the case at bar bring this case within the 'personal dealing' exception to the municipal immunity doctrine?

3. Whether the doctrine of municipal immunity should be abrogated in its entirety to the extent of any applicable insurance coverage?"

In *Haney v. City of Lexington*, Ky., 386 S.W.2d 738 (1964), the doctrine of municipal immunity for tort liability was abolished. Absolute liability was not the result, but liability based on duty was the resulting criterion. It was charged that the City of Lexington was negligent in the operation of a swimming pool, which resulted in a death by drowning. The circuit judge held, as a matter of law, that the operation of the swimming pool was a governmental, not proprietary, function and, therefore, the city was not liable for the result of negligence. Accordingly, the action was dismissed. An appeal was taken to this court, and in the course of the opinion we said, "So, once again, we are called upon to examine this legal anachronism of municipal immunity from liability for tort." We pointed out that " * * * this Court in late years has accepted the theory with reluctance and has seized upon almost any excuse, however flimsy, to grant relief to any person harmed by negligence of a municipal corporation. * * * " Further criticism of the doctrine was leveled in our comment that, "It is equally hard to determine how this doctrine became imbedded in the law of our Commonwealth." As to the propriety of the doctrine, we said:

" * * * It is sufficient to say that courts made distinctions between functions of the municipal corporation that purportedly were governmental or public and those thought to be proprietary or private, denying liability in the case of governmental functions, but imposing it in situations involving proprietary actions. At most, the distinctions seem to be contrived and without sensible basis. * * * "

After a lengthy discussion of the doctrine, its origin and application, we rejected the municipal immunity doctrine. In doing so, we adopted the Wisconsin rule, as follows:

"Perhaps clarity will be afforded by our expression that henceforward, so far as governmental responsibility for torts is concerned, the rule is liability—the exception is immunity. In determining the tort liability of a municipality it is no longer necessary to divide its operations into those which are proprietary and those which are governmental. Our decision does not broaden the government's obligation so as to make it responsible for

all harms to others; it is only as to those harms which are torts that governmental bodies are to be liable by reason of this decision."

In *City of Louisville v. Louisville Seed Company*, Ky., 433 S.W.2d 638 (1968), liability was sought to be imposed for the failure of the city to install gates in the municipal floodwall system. A jury found against the city and awarded a substantial verdict. An appeal followed. In discussing the nature of the liability, we made a distinction between those acts which affect all members of the general public and those situations where the city seeks out or separates a person from the general public and deals with him on an individual basis. In the former instance we said, " * * * it would be unreasonable to apply to it the broad privilege of tort liability * * *." (No tort had been committed.) To the latter situation, we said, " * * * it then should be subjected to the same rules of tort liability as are generally applied between individuals." (A tort had been committed.) The tort theory of liability was thus affirmed.

In *City of Russellville v. Greer*, Ky., 440 S.W.2d 269 (1969), a judgment had been recovered against the city on the ground that the city's negligent failure to maintain a stop sign was the proximate cause of a collision resulting in injury and damage. Again, we considered the propriety of the governmental immunity doctrine. The *Haney* and *City of Louisville* cases were analyzed in relation to contrary views expressed by courts of final jurisdiction of other states. We refused to follow the suggested change, but held tight to the philosophy of degree of duty. In disposing of the case and in holding tight to the municipal immunity doctrine we had espoused, this court said:

"As we have hereinbefore pointed out, the erection and maintenance of street signs is a matter of traffic regulation legislated as a police measure for the protection of the public generally and the city does not owe a legal duty to any motorist to continue any specific regula-

tion or any particular sign. Under the principles set forth in the *Martin* and *Louisville Seed Company* cases, the appellant city owed no duty to appellee Greer to maintain a STOP sign anywhere in Russellville. Consequently it committed no negligent act as to him in failing to have one on Breathitt Street. There was no basis for municipal liability."

We pointed out that the city had no duty to the appellants. Consequently, it had committed no negligent act as to them and, therefore, there is no basis for municipal liability.

■■■ The nonliability of a city does not rest on the doctrine of governmental immunity. As in the instance of a private individual, a city is answerable for a breach of duty. However, a city's relationship to individuals and to the public is not the same as if the city itself were a private individual or corporation, and its duties are not the same. When it undertakes measures for the protection of its citizens, it is not to be held to the same standards of performance that would be required of a professional organization hired to do the job. If it were, it very well might hesitate to undertake them. In any event, when a city provides police and fire protection or, as in the case of *Louisville Seed Company,* supra, flood protection, the degree of success that should or will be attained in any particular instance cannot be guaranteed, nor can it be defined in terms of duties. A city cannot be held liable for its omission to do all the things that could or should have been done in an effort to protect life and property.

The second issue presupposes that the complaint, amended complaint and intervening complaint state facts sufficient to overcome an attack under CR 12.03.

In their brief, after a lengthy quote from the *City of Louisville v. Louisville Seed Company* case, appellants state:

"We conclude from this language that if the appellants can show either (1) that the fire department dealt with the appellants on an individual basis, or (2) that the loss occasioned by the appellants was isolated from any loss occasioned by the

general public—then, in that event, the appellants will be entitled to recovery under the principles announced in *Louisville Seed.* We seek only an opportunity to prove the allegations advanced in the pleadings."

This conclusion of appellants is consistent with out holding in the *Louisville Seed Company* case. The questions, however, in the case at bar of whether the city dealt with the appellants on an individual basis or whether appellants' losses were isolated from any loss occasioned by the general public are questions of law which must be answered by the trial judge in the affirmative before negligence becomes a jury question. The trial judge found that the risk and damage upon which the action is predicated is an inherent part of the carrying out of the functions of government. Thus, the court determined that, as a matter of law, the fire department did not deal with the appellants on an individual basis nor were the losses sustained by the appellants isolated from a loss occasioned by the general public.

Appellants' argument that, to the extent of any insurance coverage, the defense of sovereign immunity should be considered as having been waived is not in harmony with the current court decisions nor with the philosophy of this court. We have no desire to impose liability where none exists on the ground that the insurance company will pick up the tab. In *Wallace v. Laurel County Board of Education,* 287 Ky. 454, 153 S.W.2d 915 (1941), we said:

"The fact that §§ 4399–20a and 4399–20b, Baldwin's 1941 Supplement, allow the Board to carry liability insurance against the negligence of drivers of school buses owned by the Board or operated under contract by it does not make the Board liable for the torts of its agents or employees. * * * "

Just as the statute cited in *Wallace* authorized the Board of Education to carry liability insurance, so KRS 95.820 permits the City of Frankfort to " * * * provide public liability insurance for the regular police and fire departments and their personnel * * *."

The trial court properly determined that the city was engaged in a municipal function. However, it erroneously applied the municipal immunity doctrine. Being engaged in a municipal function which affects all members of the general public, the city owed no duty to appellants; consequently, there was no negligence on which liability could be predicated.

The judgment is affirmed.

All concur.