Delbert BROWN, Appellant,

v.

CITY OF LOUISVILLE, Appellee.

Court of Appeals of Kentucky.

April 20, 1979.

As Modified April 27, 1979.

Discretionary Review Denied
Sept. 11, 1979.

James C. Ludwig, Louisville, for appellant.

Laurence J. Zielke, Director of Law, Stuart E. Alexander, Asst. Director of Law, Louisville, for appellee.

Before WHITE, GANT and WILHOIT, JJ.

WHITE, Judge.

Summary judgment was granted appellee, City of Louisville, in a negligence action brought by appellant Brown for fire damage to property owned by appellant. We agree with the Jefferson Circuit Court that appellee was entitled to judgment as a matter of law.

Appellant leased the premises known as "The Little Cabaret" located in the Portland area of Louisville. On the night of January 5, 1974, the Louisville police were summoned by the operator of the tavern to quell a disturbance. Upon arrival, the two police officers called to the scene noticed a patron brandishing a shotgun. The patron refused to drop the firearm and surrender; he and three other individuals then barricaded themselves inside the tavern behind a pool table. Police reinforcements were summoned, and between six and eight tear gas rounds were fired into the building before the barricaded individuals surrendered to the police. After everyone was removed from the building and the premises searched, a fire was discovered and the fire department called. Subsequently, appellant instituted this suit seeking $22,000 compensatory damages, claiming the Louisville police were negligent in employing "continuous-burn" tear gas canisters inside appellant's premises. Appellee moved for summary judgment on the ground that no duty was owed appellant, and therefore the city could not be liable for any damages. Summary judgment was granted and this appeal ensued.

In *Haney v. City of Lexington*, Ky., 386 S.W.2d 738 (1964), the doctrine of municipal immunity for tort liability was removed as a valid defense within this jurisdiction. Subsequent cases recognized that municipalities were liable for "ordinary torts," but noted there were distinguishing duties owed to the public by a municipality which could limit its liabilities. See *City of Russellville v. Greer*, Ky., 440 S.W.2d 269, 270–271 (1968, As Modified on Denial of Rehearing 1969); *City of Louisville v. Louisville Seed Company*, Ky., 433 S.W.2d 638 (1968); *Fryar v. Stovall*, Ky., 504 S.W.2d 701, 703 (1973); *Frankfort Variety, Inc. v. City of Frankfort*, Ky., 552 S.W.2d 653 (1977). The common thread running through these cases is that when a municipality, through its employees or agents, is performing some municipal function affecting or in behalf of the general public, no duty arises to protect any individual on a personal basis. Therefore, there is no ground for negligence on which the municipality can be held liable. However, if the municipality attempts to deal on an individual level with a person isolated from any

general public function and the municipality is negligent in those dealings, then it can be found liable.

■ Having established the boundaries of municipal liability, the question before the court in this case is whether the actions of the Louisville Police Department affected the general public or became "personal dealings" with appellant. On the night in question, the Louisville police were summoned to restore peace after a fracas in a local tavern where shots had been fired. Upon arrival of the policemen, certain individual patrons barricaded themselves within and fired upon them. Not only were the policemen's lives in danger, but also the lives of any pedestrians and other patrons not involved in the fracas but unable to flee the tavern. In an attempt to minimize violence, the police fired tear gas, hoping the individuals inside would surrender peaceably. Surely such actions must be characterized as affecting the general public and not simply appellant, as owner of the property, on an individual basis. That a fire occurred is unfortunate.

> When it [a municipality] undertakes measures for the protection of its citizens, it is not to be held to the same standards of performance that would be required of a professional organization hired to do the job. If it were, it very well might hesitate to undertake them. In any event, when a city provides police and fire protection . . . the degree of success that should or will be attained in any particular instance cannot be guaranteed, nor can it be defined in terms of duties. A city cannot be held liable for its omission to do all the things that could or should have been done in an effort to protect life and property. *Frankfort Variety, Inc. v. City of Frankfort, supra* at 655.

We agree with the Jefferson Circuit Court that the appellee was entitled to summary judgment as a matter of law. The judgment is affirmed.

GANT, J., concurs.

WILHOIT, J., dissents.

WILHOIT, Judge, dissenting.

I respectfully dissent from the majority opinion. Based upon the record before us I do not believe that the City of Louisville, at this point, can be said as a matter of law to be free from liability to the appellant. The law in this jurisdiction with respect to the tort liability of municipalities has been in a state of flux for the past few years, but I believe it has now crystallized into one rule of liability for municipalities where the injury is caused by a nonfeasance and another where the injury is caused by a misfeasance. It seems to me the majority has applied the rule for cases of a nonfeasance to this case which is clearly a case of a misfeasance.

*Haney v. City of Lexington*, Ky., 386 S.W.2d 738 (1964) abolished the doctrine of municipal immunity as it had previously existed and set out the principle that thenceforward liability would be the rule and immunity the exception except when a municipality was exercising a legislative or quasi-legislative function or a judicial or quasi-judicial function. *City of Louisville v. Chapman*, Ky., 413 S.W.2d 74 (1967) followed affirming *Haney* and observing:

> Municipal functions have become so varied and extensive that public safety demands that municipal employees be held to the same safety standards as other citizens. Private citizens voluntarily and for good economic reasons insure themselves against tort liability. Why shouldn't a collection of citizens classified as a municipality do likewise? *City of Louisville v. Chapman, supra* at 77.

Then came a series of cases which constituted if not a retreat certainly a thoughtful "strategic withdrawal" from *Haney* and *Chapman*.

Beginning with *City of Louisville v. Louisville Seed Co.*, Ky., 433 S.W.2d 638 (1968) down to the most recent decision in *Grogan v. Commonwealth*, Ky., 577 S.W.2d 4 (1979) the Court expounded the rule that in providing fire, police or flood protection a municipality does not owe an individual member of the general public the duty of

doing everything that could or should be done to avoid injury to that individual's person or property.[1] Failure to do all that could or should have been done in such cases does not constitute actionable negligence unless in its failure to act the municipality has somehow singled out and dealt with the injured party as an individual or his injury is isolated from that of the general public. *City of Louisville v. Louisville Seed Co., supra; City of Russellville v. Greer,* Ky., 440 S.W.2d 269 (1968); *Frankfort Variety, Inc. v. City of Frankfort,* Ky., 552 S.W.2d 653 (1977).

This then, is the rule where a city through its officers or employees has failed to act or omitted to do all it could or should have done. The case before us, however, involves not a failure to act or an omission but an alleged positive act of negligence, a misfeasance rather than a nonfeasance. In such cases the rule in *Haney* and *Chapman* still applies. Both the practical and theoretical considerations are much different from those in "failure to act cases."

---

1. Admittedly, *Fryar v. Stoval,* Ky., 504 S.W.2d 701 (1974), fits this rule in result only, but if the "singling out" standard applies to misfeasance cases I cannot see how *Fryar* was any more singled out than *Frankfort Variety.*