**CABINET FOR HUMAN RESOURCES COMMONWEALTH of Kentucky, Appellant,**

**v.**

**Ingrid POORE, Administratrix of the Estate of Baerbel Poore, Deceased, and the Kentucky Board of Claims, Appellees.**

Court of Appeals of Kentucky.

June 6, 1986.

William K. Moore, Cabinet for Human Resources, Frankfort, for appellant.

Philip C. Kimball, Louisville, William Benedett, Kentucky Board of Claims, Frankfort, for appellees.

Before CLAYTON, COOPER and HOWARD, JJ.

HOWARD, Judge.

In this case, the issue is whether the Cabinet for Human Resources, as an agency of the Commonwealth of Kentucky, can be held liable for negligence before the

Kentucky Board of Claims for torts or other offenses committed by juveniles who are under the custody of the Cabinet.

Appellee Ingrid Poore brought this action before the Kentucky Board of Claims to recover damages on behalf of the estate of Baerbel Poore. On January 7, 1981, Baerbel Poore was murdered by two juveniles who had been placed under the custody of the Cabinet for Human Resources pursuant to KRS 208.200 (1)(b). Each of the juveniles had been committed to a residential facility operated by the Cabinet and subsequently returned to the homes of their parents under supervision of the Cabinet.

The Kentucky Board of Claims heard testimony concerning the Cabinet's custody of juveniles, the release of juveniles from custodial facilities, the placement of the juveniles in their homes under continuing Cabinet supervision, and the Cabinet's exercise of that supervision. However, the board did not reach the question of negligence, ruling that the Cabinet was immune from suit for negligence in the performance of its obligations under KRS 208.410.

Appellee Poore appealed the board's decision to the Jefferson Circuit Court, which held that under the ruling in the recent case of *Gas Service Co. v. City of London*, Ky., 687 S.W.2d 144 (1985), the Cabinet was not immune from a negligence suit. The Court remanded the claim to the board for a determination of negligence.

The first issue for our resolution is the effect of *Gas Service Co. v. City of London, supra,* on the case at bar.

In *Commonwealth, Department of Banking and Securities v. Brown,* Ky., 605 S.W.2d 497 (1980), the question was the extent of liability of the Commonwealth in negligence suits. The Court noted that section 231 of the Kentucky Constitution accords the Commonwealth absolute immunity from suit until the General Assembly elects to subject the Commonwealth to such claims. The General Assembly partially waived the Commonwealth's immunity through the enactment of the Board of Claims Act. Thus, the Commonwealth was subject to suit before the Board of Claims for the negligence of its officers and agents.

The court, however, held that this waiver of immunity was limited by KRS 44.120 which provides that:

An award shall be made only after consideration of the facts surrounding the matter in controversy, and no award shall be made unless the board is of the opinion that the damage claimed was caused by such negligence on the part of the Commonwealth or its agents *as would entitle claimant to a judgment in an action at law if the state were amenable to such action.* [Emphasis ours].

The court interpreted the phrase "... as would entitle claimant to a judgment in an action at law if the state were amenable to such action" to mean that the Board of Claims Act was a waiver of the Commonwealth's constitutional immunity such that it would be subject to suit only in "the same manner the common law treats municipalities." *Id.* at 499. The common law rule was that a municipality was subject to suit only when it "seeks out or separates the individual from the general public and deals with him on an individual basis...." *City of Louisville v. Louisville Seed Company,* Ky., 433 S.W.2d 638, 643 (1968). *See City of Russellville v. Greer,* Ky., 440 S.W.2d 269 (1969); *Frankfort Variety, Inc. v. City of Frankfort,* Ky., 552 S.W.2d 653 (1977); *Grogan v. Commonwealth,* Ky., 577 S.W.2d 4 (1979).

In *Gas Service Company, Inc. v. City of London,* Ky., 687 S.W.2d 144 (1985), the Court abrogated the standard for municipal immunity as pronounced in *Louisville Seed, supra,* and the cases following its holding. The Court reinstated the rule pronounced in *Haney v. City of Lexington,* Ky., 386 S.W.2d 738, 742 (1964), that a municipality is subject to suit for "ordinary torts," but immunity remains for the "exercise of legislative or judicial or quasi-legislative or quasi-judicial functions."

The appellant correctly points out that the Court in *Brown, supra,* set out to determine the legislature's intent in enacting KRS 44.120 of the first Board of Claims Act passed in 1946. The appellant then argues that the *Brown* Court concluded the legislature was enacting the common law as it existed in 1946. The common law rule in 1946, was generally the same rule as pronounced in *Louisville Seed, supra.* Therefore, the appellant contends that neither *Haney, supra,* or *Gas Service Company* affect the Commonwealth's liability under the Board of Claims Act and that the cabinet then would not be liable in the instant case. We disagree.

■ There is no language in KRS 44.120 or *Brown, supra,* that would limit the Commonwealth's liability under the Board of Claims Act to the common law as it existed at the time of enactment. Moreover, the cases cited by the Court in *Brown* as defining the status of the common law of municipal liability such as *Louisville Seed, supra,* and *Greer, supra,* were all decided at least twenty years after 1946. Obviously then, the Court in *Brown* was not limiting itself to a consideration of the common law as it stood in 1946. As stated in the recent case of *Hilen v. Hays,* Ky., 673 S.W.2d 713, 719 (1984), the common law is not "stagnant" but evolves over time. Thus, it is evident by the nature of the common law and the language of *Brown, supra,* that the application of KRS 44.120 is not limited to the common law as it existed in 1946. Rather, KRS 44.120 refers to the common law as it has most recently developed. Therefore, we believe the common law, as stated in *Gas Service Company,* is the proper standard.

The remaining question is whether the actions of the Cabinet fit within the narrow exceptions to municipal liability for "the exercise of legislative or judicial or quasi-legislative or quasi-judicial functions."

These functions are not unequivocally defined in the case law. However, in *Gas Service Company,* the Court refers approvingly to *Brown, supra,* and *Grogan v. Commonwealth, supra,* in discussing "quasi-legislative" and "quasi-judicial" functions. The Court stated: "In these cases the government was not charged with having caused the injury, but only with having failed to prevent it by proper exercise of regulatory functions which have elements appearing quasi-judicial and quasi-legislative in nature." *Gas Service Company,* at 149. The Court further stated the terms "quasi-legislative" and "quasi-judicial" meant having some "resemblance (as in function, effect or status)" to legislative or judicial activities. *Id.*

■ In the instant case, the Cabinet was not alleged to have caused the death of Baerbel Poore, but charged with failing to properly exercise its duties in regard to release and supervision of the two juveniles who killed Poore. The phrase "elements quasi-judicial and quasi-legislative in nature" is not defined; however, the record shows that the Cabinet's actions were not arbitrary or capricious and were based on certain guidelines. Therefore, we believe the case at bar squarely fits within the exception enunciated in *Haney, supra,* and *Gas Services Company, supra.*

Although the Board of Claims ruled in favor of the Cabinet on the wrong ground, the outcome of its ruling was correct. Thus, any error was harmless. CR 61.01. The Jefferson Circuit Court, however, erred in reversing the board's decision.

This case is reversed and remanded for further proceedings consistent with this opinion.

All concur.